12946.  STRICKLAND v. THE STATE.

The act of 1919 penalizing the making, drawing, uttering, or delivering of worthless checks, drafts, or orders, for the payment of money upon any bank, or other depository (Ga. L. 1919. p. 220), does not cover a post-dated check accepted by the payee prior to the date of the check and " with distinct knowledge that the paper constitutes nothing more than a promise that, on the future date specified as the day of payment, the drawer will have in the bank the funds necessary to meet the check."

DECIDED DECEMBER 13, 1921.

Accusation of misdemeanor; from city court of Miller county — Judge Greer.  September 24, 1921.

*N. L. Stapleton,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

BROYLES, C. J.  The accusation under which the defendant was tried and convicted was based upon section 34 of the act of 1919 (Ga. L. 1919, p. 220), which section is as follows: " Any person who, with intent to defraud, shall make, or draw, or utter, or deliver any check, draft, or order for the payment of money upon any bank, or other depository, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in or credit with such bank, or other depository, for the payment of such check, draft or order in full upon its presentation, shall be guilty of a misdemeanor. The making, drawing, uttering or delivering of such check, draft or order as aforesaid, shall be prima facie evidence of intent to defraud. The word ' credit' as used herein shall be construed to mean an arrangement or understanding with the bank or depository for the payment of such check, draft or order." The evidence shows that the paper which forms the basis of the prosecution in the instant case was a post-dated check, and that the payee named therein was fully apprised of that fact at the time the check was made and delivered to him, which was prior to the date specified in the check as the day of payment.  As to this the payee's own testimony was:  I knew this check was post-dated when I took it.  Mr. Strickland [the defendant] told me when he gave me the check that he did not have the money to spare with which to pay me at that time, and therefore wished to date the check ahead."

In the case of *Neidlinger* v. *State,* 17 *Ga. App.* 811 (2) (88

S. E. 687) ; this court held: "In the passage of the 'worthless-check act,' supra, the General Assembly properly intended to penalize the drawing and uttering of a check, draft, or order when the drawee [payee?] accepts it with good reason to believe that the drawer actually has, in the hands of the drawee, sufficient funds to meet it. The statute was not intended to cover a post-dated check accepted by the payee with distinct knowledge that the paper constitutes nothing more than a promise that, on the future date specified as the day of payment, the drawer will have in the bank the funds necessary to meet the check. In drawing a post-dated check there is either an implication that the payment is not to be finally consummated until the date named therein, or an implication that payment is postponed because the drawer has not, at the time of drawing the check, sufficient funds to meet it. In either event a post-dated check is merely a promise to pay in the future, and a breach of this promise would not subject the drawer of the check to the penalty of the act of 1914, although he might be guilty of cheating and swindling if he obtained money or other things of value by false and fradulent statements, either in connection with or disconnected from the drawing of the check." It is true that the accusation in the *Neidlinger* case was based upon the act of 1914 (Ga. L. 1914, p. 86), whereas the accusation in the instant case was based upon the act of 1919 (Ga. L. 1919, p. 220). However, the latter act does not, either expressly or impliedly, make penal the giving of a post-dated check without sufficient funds in the bank to meet it. On the contrary, the express statement of section 34 of the act of 1919 is in line with the ruling made in the *Neidlinger* case, that one cannot be criminally liable for giving a worthless post-dated check, for its provisions as to checks or other papers therein mentioned are confined to such papers as are accepted with knowledge " at the time of such making, drawing, uttering or delivery, that the maker or drawer has not sufficient funds in or credit with such bank or other depository, for the payment of such check. " From what has been said, it follows that the verdict finding the defendant guilty is contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*