### 18810. HIGHSMITH *v.* THE STATE.

DECIDED MAY 15, 1928.

*Ben Smith,* for plaintiff in error.
*S. Thomas Memory, solicitor,* contra.

LUKE, J. J. C. Highsmith was convicted, under the act of 1919 (Ga. L. 1919, p. 220; Park's Code Supp. 1922, vol. 11, sec. 202(hh)), of giving O. L. Roberson a worthless check for $25 on the First National Bank of Waycross. The defendant's motion for a new trial being overruled, he excepted.

The defendant, who operated a "U-drive-it" automobile business in Waycross, Ga., rented an automobile to a negro, who failed to return it. O. L. Roberson, sheriff of Pierce county, located the automobile near Blackshear. Roberson testified that neither the defendant nor any one else offered a reward for the automobile, but that he held it for a reward; that on March 21, 1927, the defendant gave him a check for $25 on the First National Bank of Waycross, signed "J. C. Highsmith," that the check was returned by the bank, marked "insufficient funds," and that he never realized any money on it; that he agreed with the defendant to hold the check for two weeks before presenting it to the bank, and that he actually held it about thirty days before depositing it for collection; that the defendant never told the witness that he had no money in the bank with which to pay the check; that the witness understood that the purpose of holding the check was to give the defendant a chance to collect the reward out of the insurance company, and that the sole consideration for his delivering the automobile to defendant was said check. The defendant in his statement at the trial said that he went to Blackshear and told the sheriff, Roberson, to look out for his automobile; that upon Roberson's asking about a reward, he told Roberson that he would not give any reward, but that he bought the automobile from the Commercial Credit Company, and he would try to get it out of that company; that when he found out that Roberson had his automobile and went to Blackshear to get it, Roberson wanted a reward of $25; that he told Roberson that he bought the car through the Commercial Credit Company, and supposed that the company had it insured and would pay the reward; that Roberson said he would hold the car until the reward was paid; that he then stated to Roberson that it would be cheaper for him to pay the reward than to wait on the insurance people, as he needed his car, but that he did not have the money, and that if Roberson would hold the check and give him a chance to get the money out of the Credit Company, he would pay it himself if he could not get it out of that company; that he told Roberson, when the check was given, that he did not have the money to pay it with, and that Roberson took the check with the understanding that defendant was to go back and get the check when he collected the money out of the insurance company; and that the automobile was delivered to him.

194

The gravamen of the offense is the "intent to defraud" (*Berry* v. *State*, 153 *Ga.* 169, 173, 111 S. E. 669, 35 A. L. R. 370) ; and since the prosecutor testified that he accepted the check under an agreement that he would not collect it for two weeks, the transaction was nothing more nor less than an extension of credit by Roberson, and a promise by the defendant to pay the former $25 at a future date. This case is controlled in principle by the cases of *Neidlinger* v. *State*, 17 *Ga. App.* 811 (88 S. E. 687), and *Strickland* v. *State*, 27 *Ga. App.* 772 (110 S. E. 39). The evidence does not support the verdict, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*