## 26143. BARNES *v.* GOSSETT OIL COMPANY *et al.*

GUERRY, J. 1. If a criminal process is sued out without probable cause, and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after the arrest the warrant is dismissed or not followed up, the remedy is for malicious arrest. But if the action is carried on to a! prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie. *Grist* v. *White*, 14 *Ga. App.* 147 (80 S. E. 519). Therefore, where a petition was brought in two counts, one for malicious prosecution and the other for malicious arrest, and it affirmatively appeared from the allegation of the petition that the plaintiff had actually been prosecuted under the criminal process sued out by the defendant, the action for malicious arrest was not maintainable, and the court did not err in striking it on demurrer.

2. Where an action is brought for malicious prosecution under the Code, § 105-801, which provides that "a! criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action," and it appears from the evidence that the defendant made an affidavit on which a warrant was issued, charging the plaintiff with a violation of § 13-9933, in that he did give to the defendant a check on a named bank, knowing that at the time he did not have sufficient funds in or credit with such bank (upon which charge the plaintiff was acquitted), and it further appeared from the evidence that before the time the plaintiff gave to the defendant the check in question the defendant, a wholesale dealer in gasoline and oil, had sold to the plaintiff his products for which plaintiff had given his checks, many of them being returned by the bank for insufficient funds, and the plaintiff testified that upon each occasion where a check was returned it had been the understanding between him and the defendant in these transactions that the plaintiff did not have the money in the bank sufficient to cover the checks, and that they were to be paid as soon as he obtained the money and could deposit it, and further testified that at the time he gave the check in question he told the defendant that he did not have sufficient funds in the bank to cover it, and there were other facts and circumstances which would have authorized the jury to find that the defendant did actually extend credit to the plaintiff at the time the check was given, and that it amounted to no more than a promise to pay in the future, which facts if true would not authorize a conviction under the above section, the court committed error in granting a! nonsuit. The gravamen of the offense charged against the plaintiff by the defendant was an intent to defraud (*Neidlinger* v. *State*, 17 *Ga. App.* 811, 88 S.

E. 687), which is not shown where there is an extension of credit at the time the check is given; and the question whether or not the criminal process was instituted without probable cause and with malice, under facts authorizing conflicting inferences, should have been submitted to the jury under proper instructions from the court. *Hearn* v. *Batchelor*, 47 *Ga. App.* 213 (170 S. E. 203).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 13, 1937. REHEARING DENIED JULY 16, 1937.

*N. F. Culpepper, G. C. Thompson,* for plaintiff.

*J. F. Hatchett, Beck, Goodrich & Beck,* for defendants.

MACINTYRE, J., concurring specially. I am of the opinion that the demurrer to the second count (malicious arrest) was properly sustained. This count failed to allege that the order of arrest was vacated or the warrant dismissed before the institution of this action. *Grist* v. *White,* 14 *Ga. App.* 149 (supra).

ON MOTION FOR REHEARING.

GUERRY, J. It is insisted by counsel for the defendant that this court in arriving at its decision "overlooked a material fact, a statute, and decisions which are controlling as authority and which would require a different judgment from that rendered." A brief summary of the points urged in the motion is: (1) That we overlooked the act of 1914 (Ga. L. 1914, p. 86). (2) That this act was not repealed by the act of 1919 (Ga. L. 1919, p. 220) — which was declared unconstitutional in *Corenblum* v. *State,* 153 *Ga.* 596 (113 S. E. 159), in that it contained matter different from what was expressed in its title, and was re-enacted with slight changes by the act of 1924 (Ga. L. 1924, p. 194). (3) That the act of 1914 "makes it a misdemeanor to issue a check for a present consideration, without sufficient funds to meet it, and failing to deposit the necessary funds within thirty days thereafter." (4) That under this act, "it matters not what the intention of the party was who gave the check, a failure to deposit the money in thirty days was gravamen of the crime." (5) That the evidence in the present suit for malicious prosecution demanded a finding that the plaintiff was guilty of a violation of this act, and therefore that the superior court was correct in holding that there was probable cause for the prosecution, and in granting a nonsuit. (6) That the defendant did not make an af-

fidavit specifically charging the plaintiff with a violation of §
13-9933, but that the prosecution was inaugurated by an accusa-
tion drawn by the solicitor, "upon which one of the defendants
(an alleged agent of the defendant, Gossett Oil Company) made
an affidavit that the facts stated therein were correct." In this
connection it is urged that the defendant merely stated the facts
to the solicitor, "and that he is presumed to draw the charges
accordingly," and that "the fact that the warrant is drawn un-
der the wrong statute, and for that reason the defendant is
acquitted, is not proof that a crime has not been committed." In
determining the merits of the motion we will assume, without
deciding, (1) that the act of 1914 has not been repealed; and (2)
that if the evidence shows that the plaintiff violated the act of
1914 a nonsuit was proper. The act of 1914 is as follows: "Any
person who shall draw and utter any check, draft, or order for
present consideration upon a bank, person, firm, or corporation
with which such drawer has not at the time sufficient funds to
meet such check, draft, or order, and shall thereby obtain from
another money or other thing of value, or induce such person to
postpone any remedy he may have against such drawer, shall be
guilty of a misdemeanor, and upon conviction shall be punished
as prescribed in section 1065, of the Code [of 1910]; provided,
that if such drawer shall deposit with such drawee of such paper,
within thirty days thereafter, funds sufficient to meet such check,
draft, or order, together with interest which may have accrued,
there shall be no prosecution under the provisions of this act."
It has been held that in a prosecution under this act it is neces-
sary to show an *intent to defraud* (*Neidlinger* v. *State,* 17 *Ga.
App.* 811, supra; *Berry* v. *State,* 153 *Ga.* 169, 111 S. E. 669) ; just
as it is necessary under the act of 1924 (Code, § 13-9933). There-
fore we do not see that it makes any material difference under
which act we consider the prosecution was brought.

The construction put on the act of 1914, by counsel for the de-
fendant, that "it matters not what the intention of the party was
who gave the check, a failure to deposit the money in thirty days
was gravamen of the crime," is in direct conflict with the *Neid-
linger* case, supra. The act punished the giving of a check with-
out sufficient funds to cover the same, for a present consideration,
and with intent to defraud. The proviso that if the drawer

should, within thirty days thereafter, deposit sufficient funds to cover the check together with interest, no prosecution would be had under the act, was merely a way that one guilty under the act could prevent a prosecution, and did not constitute the gravamen of the crime. No conviction would be authorized under either the act of 1914 or the act of 1924 for the giving of a worthless check with the understanding between the payer and payee, at the time it was drawn, that the payer did not have sufficient funds in the drawee bank to cover the check, but that at some later date he would take up the check or deposit sufficient funds in the bank to cover it. *Highsmith* v. *State,* 38 *Ga. App.* 192 (143 S. E. 445); *Strickland* v. *State,* 27 *Ga. App.* 772 (110 S. E. 39). In the present case the accusation alleged "that A. J. Barnes Jr., of said county, is guilty of the offense of misdemeanor; for that the said accused, . . on the 9th day of August, 1930, . . did unlawfully, with intent to defraud Gossett Oil Company, make, draw, utter, and deliver a check, a draft and order for the payment of $25.78 of money upon Bank of Manchester of Manchester, Ga., knowing at the time of such making . . that he . . had not sufficient funds in or credit with said bank . . for the payment of said check." To this accusation was appended an affidavit of an alleged agent of the defendant: "I swear that I am prosecutor in the above case, and that the facts stated in the foregoing information are true, as stated, to the best of my knowledge and belief. So help me God." We pointed out in the opinion that the plaintiff testified, and a jury would have been authorized to accept his testimony, that the defendant knew and understood at the time he gave the check that he did not have sufficient funds in the bank to cover it, but would at some later date take the check up or deposit funds in the bank to meet it. Therefore, if this be true, the defendant knew there was no intent to defraud, and is presumed to know that the plaintiff was guilty of no crime. There is no defense in the present case that the defendant acted on the advice of the solicitor "after a full, fair, and complete statement by the prosecutor of all the facts known to him." *Hearn* v. *Batchelor,* 47 *Ga. App.* 213 (supra). The question of the existence or absence of probable cause, and the existence or absence of malice, under the facts of this case, should have been submitted to the jury under ap-

224

propriate instructions from the court. The motion for rehearing is denied. *Broyles, C. J., and MacIntyre, J., concur.*