27235.  SPIVEY *v*. THE STATE.

DECIDED JANUARY 26, 1939.

*W. A. Dampier,* for plaintiff in error.
*Oscar L. Long, solicitor,* contra.

GUERRY, J.  The defendant was charged with passing a worthless check in the sum of $675, in that he gave such check for the purchase of certain cattle, knowing at the time that he did not have the funds in or credit with the bank upon which it was drawn sufficient for its payment and thereby cheated and defrauded the payee out of said sum.  The evidence for the State showed that on Sep-

tember 29, 1937, defendant bought two certain lots of cattle, at an auction sale, from Jones-Neuhoff. That he gave for one lot a check for $1736 and in a few minutes bought another lot for which he gave the check for $675. . The checks were given in Macon, Georgia, and were drawn on a bank in Dublin, Georgia. The seller deposited the check for $1736 in his bank for collection on September 30, 1937, and the same was presented on October 2, in Dublin, Georgia, and returned, being marked "insufficient funds." It was presented again on October 8, . and again returned, marked "insufficient funds." After negotiations over the telephone the bank in Dublin notified the payee that arrangements had been made with it whereby this check for $1736 would be paid if presented. On October 10, 1937, the prosecutor deposited the check for $675 in the bank for collection and it was presented to the bank in Dublin on which it was drawn on October 13, and was returned, marked "insufficient funds," and has not been paid since that time. The defendant did not have sufficient funds in the bank that day to pay the check because the bank had already guaranteed the payment of the larger check and the fund on hand was insufficient to pay both checks. The State's witnesses testified that they had made no agreement to hold either check, nor had they extended any credit to the defendant, and that the check for $675 was intentionally held until October 10. The prosecutor testified in reference to the holding of the check as follows: "I can explain why we held the $675 check out for ten days. . . I can explain my feature of it. You take where a man buys pretty heavy, in order to keep them from piling in all at one time, I rather try to get the $1700 check in first and then get the other." Another witness for the State who handled the depositing of the checks for collection stated that he held out the smaller check until October 10, and said: "I would not have held the checks for him or anybody else except on instructions of Mr. Jones." Mr. Jones was the seller. The defendant, in his statement, contended that he had an agreement with Jones that the check for $675 was to be held until he could resell the cattle he was buying, or for ten days at least, and that there was an agreement that the check was not to be deposited for .ten days. The seller denied making any such agreement with the defendant.

A clear-cut issue was made by the evidence and the defendant's statement as to whether or not there was an extension of credit for

ten days by the alleged agreement to withhold the presentation of the check. The defendant contends that the court erred in failing to charge the jury without request that in the event they believed this contention of the defendant to be true they would not be authorized to find him guilty, as this would be an extension of credit, or in the nature of a post-dated check, and would not come within the purview of the statute.

"Upon a trial of a criminal case, the trial judge, in his charge to the jury, with or without request, should instruct them as to the general principles of the law which of necessity must be applied by them in reaching a correct conclusion upon the questions submitted for their consideration." *Sledge* v. *State,* 99 *Ga.* 684 (26 S. E. 756). The State contends in this case that no issue was raised by the evidence as to whether any credit was extended by the seller to the defendant, that this issue was raised solely by the defendant's statement, and there being no request to charge it was not error to fail to give in charge the law with reference to the effect that the giving of credit might have upon the State's case, if the jury should determine that credit had been extended. It is true that where there is no request to charge a trial judge is not required to present the contentions of the defendant which are based solely on his statement. *Key* v. *State,* 21 *Ga. App.* 300 (94 S. E. 283); *Hardin* v. *State,* 107 *Ga.* 718 (33 S. E. 700), and cit. However, it is the duty of the trial judge to charge upon the general principles covering the facts of the case. The jury would have been authorized, under the defendant's statement, to find that credit had been extended to him. Certain facts were developed on cross-examination of the State's witnesses which may or may not have corroborated the statement of the defendant as to this issue. The issues in the case were made by the State's evidence and the defendant's statement alone. Before the jury were authorized to convict in this case they must disbelieve the defendant's statement that credit had been extended. The charge defined the offense in the language of the statute, but was entirely silent as to what effect the extension of credit might have on the guilt of the accused. Under the charge as given, the jury were authorized to find the defendant guilty even though they believed his statement, for they were not instructed as to the effect the truthfulness of the defendant's statement would have on his guilt. We can see that where an alibi is presented as

a defense, it is not error to fail to charge thereon without a request, for the reason that if the jury believe the State's evidence they will necessarily disbelieve the defendant's statement as to the alibi; and to be entitled to have such law given in charge he must make request therefor. In the present case the jury might, under the charge, have believed the defendant's statement and still have brought in a verdict of guilty for the reason that the crime was not defined in terms of the facts developed by the issues made. Judge Cobb in *Gay* v. *State,* 111 *Ga.* 648 (36 S. E. 857), used this language: "While instructions on a theory of the case as derived from the statement are not required by strict law, few cases, if any, can arise where such instruction would not be dictated by every sense of justice and fairness." If credit was extended to this defendant for ten days, as he contends, he may not be found guilty. *Highsmith* v. *State,* 38 *Ga. App.* 192 (143 S. E. 445); *Strickland* v. *State,* 27 *Ga. App.* 772 (110 S. E. 39); *Barnes* v. *Gossett Oil Co.,* 56 *Ga. App.* 220 (192 S. E. 254). This was the sole and only defense interposed. The charge as given failed entirely to instruct the jury as to the law applicable thereto. This defense is not a theory raised by the defendant's statement alone, it goes to the vitals of the case, and of necessity must be applied by the jury in reaching a correct conclusion. The trial judge erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The contention as to the agreement to hold the check was supported only by the defendant's statement to the jury; and therefore, in the absence of a written request, the failure of the judge to charge thereon was not error, he having properly instructed the jury on the defendant's statement.