45075.   AUSTIN v. THE STATE.

SUBMITTED FEBRUARY 4, 1970—DECIDED FEBRUARY 20, 1970.

*Ernest C. Britton,* for appellant.

*Eugene Hardwick Polleys, Jr., District Attorney,* for appellee.

HALL, Presiding Judge.  1.  Several of defendant's enumerations deal with the admission of all evidence concerning the raid, including oral testimony and the contraband seized, as a product of illegal entry, illegal search and illegal arrest.  Since the club is a business establishment open to the public, we find no merit in the contention of illegal entry.  The search of both defendant and the premises was conducted under a warrant sufficient on its face to support a showing of probable cause.  *Sams v. State,* 121

Ga. App. 46 (172 SE2d 473). As for the defendant's arrest, even though the evidence is in conflict about precisely when it took place, the trial court would have been authorized to find it occurred after probable cause had been shown. Further, defendant never made a written motion for suppression of this evidence as provided in *Code Ann.* § 27-313, nor does he satisfactorily explain his failure to do so. *Gilmore v. State,* 117 Ga. App. 67 (159 SE2d 474). The court did not err in the admission of this evidence.

2. Defendant enumerates as error the denial of his motion for a new trial based on newly discovered evidence. Defendant has complied with all the requirements of such a motion. He produced an affidavit of Raymond Jackson which stated that Jackson was the possessor of the narcotics, that he had placed the package between the cushions of the booth the evening of the raid, and that defendant had no knowledge of his actions. This evidence relating to new and material facts, is not merely cumulative or impeaching in its character. *Code* § 70-204. Defendant produced an affidavit made by an associate of Jackson's giving evidence of his character and credibility. *Burge v. State,* 133 Ga. 431 (66 SE 243). Defendant also produced affidavits of both his counsel which stated they did not know of the existence of the evidence before the verdict and which related facts showing that it could not have been discovered by the exercise of ordinary care. (Jackson had absconded and was only recaptured after defendant's trial). *Taylor v. State,* 132 Ga. 235 (63 SE 1116). Finally, it would appear that *on the face of the evidence* its probable effect would be to produce a different verdict if believed by the jury. *Burge v. State,* supra.

We have searched the record and the State's brief and can find no countershowing by the State to the truth of these affidavits upon which the court could base the exercise of its discretion. The court has seemingly passed upon the credibility of the affiants and has said, in effect, that a jury could not believe them as a matter of law. We believe the court abused its discretion when it denied defendant's motion for a new trial. *Stephens v. State,* 99 Ga. 200 (24 SE 853).

3. All other errors enumerated by defendant are either without merit or are unlikely to arise at another trial.

*Judgment reversed.   Deen and Evans, JJ., concur.*