## 26946.   NORTHCUTT v. THE STATE.

SUBMITTED JANUARY 11, 1972—DECIDED FEBRUARY 11, 1972.

*Spence, Garrett & Spence, D. William Garrett, Jr., William Edward Spence,* for appellant.

*Richard Bell, District Attorney, Bryan M. Cavan, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Assistant Attorneys General,* for appellee.

GRICE, Justice. Paul Dean Northcutt appeals to this court from the judgment of conviction and sentence to life imprisonment for the murder of James Ivan Woods, Sr., and also from the denial of his motion for new trial. He was indicted jointly with Jerry Larry Bowden and John Samuel Chandler for this homicide by the grand jury of DeKalb County, was tried separately by the superior court of that county and was found guilty. His motion for new trial was upon the general grounds.

He enumerates as error the denial of his motion for new trial for the following reasons: (1) because the conviction was dependent solely upon circumstantial evidence which was so inconclusive as not to exclude every reasonable hypothesis save that of his guilt; (2) because of the general grounds; and (3) because there was a material variance between the allegations in the indictment and the evidence.

In our view the evidence shows a conspiracy involving the appellant and the co-indictees Bowden and Chandler to kill the deceased, whereby the appellant planned and directed it and Bowden and Chandler executed it. The case is not based solely upon circumstantial evidence but rests upon both direct and circumstantial evidence.

In this connection we point out the rule that where the defendant makes incriminatory statements after the murder, the case is not one depending entirely upon circum-

stantial evidence. *Henderson v. State,* 210 Ga. 680 (1) (82 SE2d 638) and citations.

A complete recital of the evidence is not necessary, the following references being sufficient for our purposes here.

On the night of November 9, 1970, the victim's body was found lying partly in Lannon Avenue, City of Atlanta, in DeKalb County, with eleven gunshot wounds. One witness testified that after hearing shots, he saw two unidentified men examining the body; that it was dark and he thought they were colored.

A detective testified that on March 12, 1971, he chased the co-indictee Chandler, who jumped from his car and ran into the woods where he was subsequently captured. He searched Chandler's abandoned automobile and removed a gun which was delivered to the State Crime Laboratory for tests. The conclusion was that the bullets taken from the deceased's body were "probably" fired from that gun; that a more positive identification was impossible due to the mutilated condition of the bullets.

The evidence showed that the appellant and deceased had argued with each other shortly before the homicide.

One witness testified that he drove the appellant to a place where he sought to find the deceased and that upon failing to do so he said, "I am going to kill him if I see him."

This same witness swore that approximately a week later while he was working at the appellant's radiator shop, he saw the appellant give "two colored boys," whom he identified as Chandler and Bowden, a gun like the gun found in Chandler's car as aforesaid; that he overheard the appellant say, "Kill the son of a bitch if you have to, just get him off my back"; that about this time the telephone rang and the appellant said to the calling party, "Say he just left there, Okay, I will see you later"; that the appellant then told one of them, "He just left the house, he will be there directly"; that when he left the shop "they had already gone"; and that the next morning when he went back to the appellant's shop the appellant told him "to get out of there, things were hot" and he would see him later.

Another witness testified that the appellant had twice driven him to the Lannon Avenue address about three or four weeks before the homicide; that on both occasions the appellant wanted him to rob the deceased; that the second time Bowden was with them; that the appellant told them "Y'all go get him"; that the witness refused and the appellant said, "Next time you will do it when you come by here"; and that after that incident he stopped working for the appellant and got a new job.

This same witness testified further that on the morning of November 9, 1970 (the date of the murder) Bowden and Chandler came to his home and said that the appellant wanted him "to go with them"; that he refused; that the next morning he was awakened at his home by the appellant, who was later joined by Bowden and Chandler; that the appellant showed him the morning newspaper and said "We got Ivan Woods last night"; that "they talked about it and laughed about it. They also said ... if it was heard anyplace else that I would be killed or my family would"; that the appellant told him that the night before he was "parked and waiting on them, and all at once he heard a lot of shooting break out. Pretty soon it was all over with, and the police came, and he lay parked until the police left, and he went looking for them"; that the appellant said he picked up Bowden and Chandler and carried them back home; that he had seen the gun taken from Chandler's car in the appellant's office at his place of business; and that the appellant tried to get him "to accept the rap" for him, stating that he would not "do but about six months at Milledgeville" because he had previously been treated there.

The appellant made an unsworn statement in which he denied any knowledge of the crime.

The evidence, as we evaluate it, was not subject to any of the attacks made upon it; and consequently the enumerations of error are not meritorious.

*Judgment affirmed. All the Justices concur.*