50990. SMOKES v. THE STATE.

PANNELL, Presiding Judge.

Appellant was indicted and tried on five counts of forgery in the first degree. The court directed a verdict of acquittal as to one count, and defendant was convicted on the remaining four counts. He appeals the conviction and sentence.

1. Appellant having failed to argue his enumerated errors complaining of the denial of new trial on the general grounds, or to support them with citation of authority, they are considered abandoned. See *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374).

2. Appellant urges error in the denial of his pre-trial motion to suppress the in-court identification of appellant by four witnesses. He argues that a pre-trial photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification; and that accordingly, the conviction, being based on an eyewitness identification at trial, must be set aside. See Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247); *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622).

We have examined the six photographs exhibited to the witness-victims and find that they are not "impermissibly suggestive." In addition, there was no evidence that the investigators in any way suggested which person was under suspicion. Accordingly, the court did not err in overruling defendant's motion to suppress.

3. Error is alleged in the court's refusal to direct a verdict of acquittal as to Count 5 of the indictment. Appellant contends that he was never properly identified at trial as having any relationship with the crime of forgery in this particular instance. The state's witness

testified that the defendant and another man came into her store on August 23, 1974. One of the two men picked up a six-pack of beer and took it to the other man, who cashed the forged check and paid for the beer out of the money received. The check was drawn on Marcam Products, Inc. Defendant had been positively identified as being the person who had cashed forged checks drawn on the same company in three other transactions on the same day, August 23, 1974. Further, appellant was working for Marcam Products and had access to the checkbook from which the blank checks were taken. Considering all of the evidence as a whole, the jury would have been authorized to find beyond a reasonable doubt that defendant was guilty of forgery as alleged in Count 5. Therefore, the court did not err in failing to direct a verdict of acquittal on Count 5 of the indictment.

4. The prosecutor asked one witness why he was so careful in requiring approval of all checks from strangers. Defense counsel objected to the question as being irrelevant. The court overruled the objection, and the witness answered that in the past strangers had cashed forged and stolen checks. If this was error, it was harmless.

5. Appellant enumerates error in the trial court's failure to charge the jury that they might recommend that defendant be punished for a misdemeanor. Under our prior bifurcated procedure in which the jury fixed the sentence, it was held to be error to fail to charge Code § 26-3101 (a). See *McRoy v. State,* 131 Ga. App. 307, 309 (205 SE2d 445). Code § 26-3101 (a) provides: "When a defendant is found guilty of a felony punishable by imprisonment for a maximum term of 10 years or less, *the jury that determines the sentence* may recommend that the defendant be punished as for a misdemeanor. The judge may, in his discretion, follow the recommendation of the jury." (Emphasis supplied.) Forgery in the first degree is a felony punishable by imprisonment for a maximum term of ten years. Code § 26-1701 (b).

Code § 27-2503 was in effect at the time of appellant's trial. It provides that the judge will impose punishment in all cases except those in which the death penalty might be imposed. Since the present case involved a non-capital

offense, the jury was to determine defendant's guilt or innocence; the judge would determine the sentence. Code § 26-3101 (a) provides that *the jury that determines the sentence* may recommend misdemeanor punishment. Since the jury could not determine the sentence in the present case, Code § 26-3101 (a) was not applicable. Accordingly, there was no error in the trial court's failure to charge the jury that they might recommend the misdemeanor punishment.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued September 3, 1975 — Decided October 2, 1975.

*Thomas J. Ratcliffe, Jr., Gary A. Sinrich,* for appellant.

*John W. Underwood, District Attorney,* for appellee.