## 52496. PELUSO v. THE STATE.

MARSHALL, Judge.

Peluso appeals his conviction of theft by taking in that he stole currency of the United States in excess of $100 (approximately $450) during non-business hours from an unsecured safe located in the business office of the victims. He was sentenced to seven years on probation and to pay a fine of $2,000 and to make restitution in the amount of $500. Peluso enumerates as error the failure of the trial court to grant his motions for a directed verdict of acquittal, the failure of the trial court to give three of his requested charges, and the insufficiency of the evidence to support the jury's verdict. *Held:*

1. The last enumeration of error alleging insufficiency of the evidence to support the jury's verdict is unsupported by argument or citation of authority as is required by Rule 18 (c) of this court (Code Ann. § 24-3618 (c) (2)) and is therefore deemed abandoned. *Boyd v. State,* 133 Ga. App. 136 (2) (210 SE2d 251); *Rogers v. State,* 137 Ga. App. 319 (223 SE2d 456); *Weaver v. State,* 137 Ga. App. 470 (2) (224 SE2d 110).

2. Peluso complains that the trial court erred in refusing to grant a directed verdict of acquittal both at the

conclusion of the state's case and, later, following the completion of evidence. Stated in simplest terms, the evidence indicates the victims maintained a safe in their business office. In this safe there was a cigar box which contained paper currency, as well as a wooden drawer in which a plastic insert was carried. The insert had partitions for storing several denominations of paper currency as well as loose coins. These containers were secured in the safe. Peluso worked in an adjoining office and had access to a rest room attached to the victims' office space. Peluso was aware that money was kept in the safe. One of the victims testified that Peluso had no occasion to handle either of the currency containers and there is no evidence that Peluso had ever had occasion to reach inside the safe. The evidence reflects that during non-business hours someone entered the office, took the cigar box and plastic insert from within the closed but unsecured safe, removed a sum of about $450 therefrom and left the containers on top of the safe. One fingerprint belonging to Peluso was lifted from the cigar box and a second print lifted from the wooden drawer within the safe. The money was never accounted for nor recovered. Peluso offered substantial alibi evidence to the effect that he was in the constant company of others who during the time in question placed him in places other than the victimized business office as well as evidence offering a partial explanation for the fingerprints.

In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by appellate courts is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650). Furthermore, in passing on the sufficiency of the evidence, appellate courts are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. *Morgan v. State,* 77 Ga. App. 516, 517 (48 SE2d 681); *Williams v. State,* 129 Ga. App. 103, 107 (198 SE2d 683); *Maddox v. State,* 131 Ga. App. 86 (1) (205 SE2d 31); *Haire v. State,* 133 Ga. App. 12, 13 (209 SE2d 681); *Taylor v. State,* 138 Ga. App. 95, 96. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error to

refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Davis v. State,* 234 Ga. 730, 732 (218 SE2d 20); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). We cannot say that there was no evidence establishing Peluso as the thief of the stolen money. It was not error for the trial court to refuse the motion for a directed verdict of acquittal.

3. In his second enumeration of error, Peluso urges error in the trial court's refusal to give three requested instructions.

(a) The first refused instruction which we consider dealt with a charge that theft by taking is a reducible felony. Since July 1, 1974, the trial judge determines punishment in non-capital felonies. Since the jury no longer determines sentence, it is not necessary that the trial court give this charge. *Smokes v. State,* 136 Ga. App. 8 (220 SE2d 39). Hence, it was not error to fail to charge on reducible felony. *Stanley v. State,* 136 Ga. App. 385, 386 (221 SE2d 242).

(b) Peluso also complains that the trial court erred in not giving charges on alibi and circumstantial evidence in the language requested. The trial court gave appropriate and pertinent instructions on both of these issues of law. In the charge, the identity and presence of the defendant at the crime and the fact the evidence must show that he was the perpetrator was connected to the standard of reasonable doubt. Furthermore, the trial court gave correct instructions on circumstantial evidence, including denominating the fingerprint evidence as being circumstantial in nature. The court required the jury to consider all the evidence, facts and circumstances in determining the ultimate issue of guilt or innocence. This obviously included the testimony of Peluso. Failure to charge in the exact language requested, where the charge satisfactorily covered the same principles and issues was not error. *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420). See also *Peters v. State,* 131 Ga. App. 513, 515 (206 SE2d 623); *Hunter v. State,* 135 Ga. App. 172, 173 (217 SE2d 172).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED JULY 7, 1976 — DECIDED JULY 16, 1976 — REHEARING DENIED JULY 28, 1976.

*Gettle & Fraser, Sherman Fraser,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.