## 54568. RICHARDSON v. THE STATE.
## 54569. COLBERT v. THE STATE.

McMURRAY, Judge.

Defendants were jointly indicted, tried and convicted of the offense of theft by taking of 29 pieces of fir plywood of the aggregate value of $290 with the intention of depriving the owner of said property. Each was sentenced to serve four years, the first year in confinement and the remainder of the sentence imposed to be served on probation. Separate motions for new trial were filed and denied, and the defendants appeal separately. *Held:*

1. After the items of plywood were removed from the owner's warehouse they were sold by the defendant Colbert to a third person. The defendant Richardson was an employee of the owner of the lumber. A shortage from the inventory had been noticed. An inventory of the plywood in the plywood warehouse had been taken before the suspected theft. After the plywood was removed without proper payment therefor another inventory was taken indicating items unaccounted for. The plywood was traced to another individual who had purchased it from the defendant Colbert for $150. A white van with a yellow stripe had been observed on the premises twice on the day the plywood was missing. Defendant Colbert went into the sales area to make a purchase and then left with defendant Richardson to load the purchase shortly before the lumber was found missing. The stolen plywood was delivered to the third party who purchased it from defendant Colbert where it was unloaded from a van. A stake-out had also been conducted by the Athens Police Department, and a detective testified that he followed the van when it left the premises of the owner of the plywood and followed it to the cabinet shop of the individual who purchased the plywood from the defendant Colbert and observed the plywood being unloaded from the van. The evidence is sufficient to support the conviction of both defendants even though the testimony against defendant

Richardson is circumstantial.

2. There was no evidence submitted that the value of the plywood was less than $100. There was no written request to charge the lesser misdemeanor grade of theft by taking property of less than $100. A witness for the state had testified the approximate aggregate value of the plywood was $250, and no objection was made thereto. There was also testimony of the purchaser of the stolen goods that he paid $150 for same. The failure of the court to charge on the misdemeanor grade of punishment without written request was not error. In *Spear v. State,* 230 Ga. 74, 75 (1) (195 SE2d 397), our Supreme Court has said: "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." See also *Gaines v. State,* 239 Ga. 98, 101 (236 SE2d 55); *Hill v. State,* 237 Ga. 523 (228 SE2d 898); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

3. There being no evidence whatsoever to authorize the jury to find the misdemeanor grade of theft by taking (value of the goods taken being $100 or less) the court did not err in failing to charge the jury they might recommend the defendant be punished for a misdemeanor under the charge. Under prior procedure in which the jury fixed the sentence, it was held to be error to fail to charge Code § 26-3101. See *Willingham v. State,* 134 Ga. App. 603 (215 SE2d 521). However, the law has since been changed, and the trial judge now makes the determination of punishment and imposes the sentence. See Code Ann. §§ 27-2301, 27-2503 (a) (Ga. L. 1974, pp. 352, 357); *Smokes v. State,* 136 Ga. App. 8 (5) (220 SE2d 39).

4. Defendant Richardson also enumerates error on certain questions which the jury requested answers from the trial judge with reference to the meaning of aiding and

abetting and specifically whether same must be active or passive or is the aid by failure to perform assigned duties, aid by knowing a crime but not reporting it, or aid by looking the other way. Whereupon, the court re-charged the jury as to the legal meaning of aiding and abetting, among other things, in the re-charge. Here he instructed the jury that a person takes property within the meaning of this rule of law, "when he seizes, lays hold of, moves or otherwise takes possession of the property, or when he aids, abets or encourages someone else to do so with the knowledge that the action of the other person is criminal." Based upon the evidence, this was the proper re-charge to be given as to the questions asked with reference to aiding and abetting.

Counsel for defendant Richardson cites the recent case of *Freeman v. State,* 142 Ga. App. 293, 294 (4) (235 SE2d 560), wherein the jury was confused as to the term, "guilt by association," which is not a crime, and this court reversed, holding the trial judge should have instructed the jury there was no such crime as guilt by association. That case is quite different from the facts here. The re-charge by the court in this instance clarified the meaning of aiding and abetting in accordance with the law. There is no merit in this complaint.

*Judgments affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*Guy B. Scott, Jr.,* for Richardson.
*Ken Stula,* for Colbert.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.