## 55709. ROBERTS v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted of the offense of theft by receiving stolen property, a homemade bar. Defendant's motion for new trial was denied and he appeals. *Held:*

1. Police received information from an informant that the stolen bar was located at defendant's residence. Police proceeded to defendant's residence where the defendant and his wife consented to the police looking at the bar and signed a consent to search form. The police detective testified: "I did not interrogate him [defendant] on the evening of the 14th when I came up to the house. I explained why I was there and then he [defendant] just stated, 'Yes, I did buy a bar from a man.' " On the basis of his statement that he had purchased the bar, the defendant was arrested. At the time of this oral statement, the warnings required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), had not been given the defendant and he now contends that the admission of this oral statement made prior to the Miranda warnings was error. An exception to the general rule promulgated by Miranda v. Arizona, supra, exists, however, where the suspect makes a voluntary statement to law enforcement officers. Here the trial court as trier of fact at the Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing concluded that defendant's statement was not in response to any interrogation by police, but was a voluntary statement and therefore not inadmissible due to the lack of prior Miranda warnings. *Ingram v. State,* 134 Ga. App. 935, 938 (4) (216 SE2d 608); *Tucker v. State,* 237 Ga. 777 (229 SE2d 617). This situation also falls within another exception to Miranda v. Arizona, supra, known as the "general on the scene investigation." See *Futch v. State,* 145 Ga. App. 485 (3).

2. The trial court charged the jury that they would be authorized to imply knowledge on the part of the defendant that the property alleged to have been received by defendant was in fact stolen if there were such circumstances in the case as would have excited the

suspicion of a reasonable person. The defendant enumerates as error the court's instruction to the jury that they could infer knowledge that the property was stolen if they found that a reasonable man should have suspected that it was stolen. The defendant's argument is that the instruction left the jury free to convict on an inference without requiring a finding beyond a reasonable doubt that defendant actually knew that the property was stolen. An alternative phrasing of the defendant's argument is that the court virtually instructed the jury that an inference of guilty knowledge was the equivalent of a finding beyond a reasonable doubt of that knowledge. Knowledge that goods are stolen is an essential element of the crime of theft by receiving stolen property. This knowledge on the part of the defendant must be proved to warrant a conviction; but it may be inferred from the circumstances shown which would excite suspicion in the mind of an ordinarily prudent man. See *Nichols v. State,* 111 Ga. App. 699 (2), 701 (143 SE2d 41); *Hudgins v. State,* 125 Ga. App. 576, 578 (188 SE2d 430). The charge of the trial court on implied knowledge is a correct statement of the law and was both preceded and followed by statements requiring that the jury's finding be beyond a reasonable doubt. This enumeration of error is without merit.

3. The defendant contends that the trial court erred by failing to charge the lesser misdemeanor grade of theft by receiving stolen property of less than $100 value. The owner of the stolen bar testified that he had made the bar himself, that the materials which had gone into the bar were worth about $150, and that he believed the value of the bar was at least $300 or $400. On cross examination defense counsel began to inquire into the details of the cost of the materials which were used in construction of the bar, eliciting testimony from the owner of the bar of $2 worth of lumber, $14 worth of linoleum, and $4 worth of paint in the construction of the bar. However, defense counsel did not inquire as to the cost of the leather used to upholster the bar, therefore, we cannot say that there has been any evidence contradicting the owner's testimony that the materials used in the construction of the bar were valued at $150. The requirement of *Hoard v. Wiley,* 113

Ga. App. 328 (1), 331 (147 SE2d 782), that an owner may not testify as to his opinion of the value of his property without giving a reason therefor was complied with here, the owner giving the reasons for his appraisal of the value of the bar, cost of materials and the amount of labor he had put into it.

Because there was no evidence submitted that the value was less than $100 and no written request to charge the lesser misdemeanor grade of theft by receiving stolen property, the failure of the trial court to charge on the misdemeanor grade of the offense was not error. See *Richardson v. State,* 144 Ga. App. 416, 417 (2) (240 SE2d 917).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED APRIL 6, 1978 — DECIDED MAY 12, 1978.

*Drake & Tracy, John L. Tracy,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.