## 33621. GRIFFIN v. THE STATE.

NICHOLS, Chief Justice.

Defendant appeals from the denial of his extraordinary motion for new trial based upon newly discovered evidence. He was convicted of murder and sentenced to life imprisonment. This court affirmed in

*Griffin v. State,* 237 Ga. 532 (228 SE2d 908) (1976).

Affidavits of two witnesses who were unknown to the defendant and his attorney during trial were offered in support of the motion. The statements of these affiants merely impeach or are consistent with and cumulative of testimony presented to the jury in all respects except one. One of the two affiants swore that the victim said to the defendant during their altercation, "I'm going to kill you." No evidence of such a threat appears in the trial transcript, although the defendant testified in his own behalf.

The trial transcript establishes that the defendant admitted intending to shoot and shooting the victim but that he swore he was forced to shoot in self-defense. The evidence on the trial was in conflict as to whether, and if so, when the victim hit the defendant on his chest with a small can of paint remover in a shopping bag, or struck at the defendant with his elbow, or whether the defendant and the victim merely pushed, shoved or bumped into each other then fell into an argument. The evidence is not in dispute that they had a heated exchange of words following which the defendant went into the parking lot of the store and got a pistol from his automobile with which he shot the victim twice.

A person who files an extraordinary motion for new trial based upon newly discovered evidence must satisfy several requirements, the first two of which are "that the evidence has come to his knowledge since the trial" and "that it was not owing to the want of due diligence that he did not acquire it sooner." *Emmett v. State,* 232 Ga. 110, 117 (205 SE2d 231) (1974).

Defendant cannot urge on the one hand that the death threat by the victim has come to his knowledge since the trial and that he could not have acquired knowledge of it sooner and then seriously maintain on the other hand that the death threat formed an additional basis for his reasonably having believed that it was necessary for him to employ deadly force "to prevent death or great bodily injury to himself." Code Ann. § 26-902.

The greater part of the evidence that would be offered by the affiants on a new trial of the case is new as to source but is not new in the sense that it was unknown to the

jury. *Emmett v. State,* 232 Ga. 110, 117, supra.

The cases of *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975), and *Lee v. State,* 146 Ga. App. 189 (245 SE2d 878) (1978), are distinguishable from the present case on their facts. In *Banks,* the state's case was based wholly and exclusively upon circumstantial evidence. No eyewitness to the shootings or to the circumstances leading to the shootings testified in behalf of the state. The accused testified that he and his dog discovered the bodies while hunting. No witness corroborated his testimony. In support of his extraordinary motion for new trial based upon newly discovered evidence, defendant offered the affidavit of a passing motorist partially corroborating his testimony and tending to establish a violation of Brady v. Maryland, 373 U. S. 83. In *Lee,* the defendant and the deceased were engaged in a heated argument and confrontation, portions of which were heard and seen by several witnesses. The testimony of all the witnesses tended to support the state's case that the defendant pulled a pistol and shot the deceased, although the deceased never pointed his pistol at the defendant. The new witness gave an affidavit in support of defendant's testimony that the deceased drew his pistol and pointed it at the defendant before the defendant drew and fired. In reliance upon *Banks,* the Court of Appeals held in *Lee* that the newly discovered evidence was not cumulative of other eyewitness accounts of the confrontation because it corroborated the defendant's otherwise uncorroborated testimony as to who first drew and pointed his pistol at whom.

In the present case, the affiants' statements to the effect that they heard an exchange of loud voices and angry words between the defendant and the victim merely are cumulative of testimony heard by the jury from other witnesses, including the defendant. The testimony of one of the affiants about the repeated striking of the defendant on the chest by the deceased with a can in a paper sack contradicts the defendant's testimony that defendant only was hit as he turned away from his automobile with his gun in his hand and merely tends to impeach the testimony of another witness who swore that the deceased had laid "the little old sack down" before the

exchange of words which immediately preceded the shooting.

Unlike *Banks,* the identity of the gunman was not in issue in the present case since the defendant freely admitted shooting the deceased. Unlike *Lee,* the testimony of the new witnesses in this case, if believed by a new jury, probably would not produce a different result because it does not rise to a showing that the deadly force used by the defendant reasonably was necessary "to prevent death or great bodily injury to himself." Code Ann. § 26-902. One of the criteria for the granting of a motion for new trial based on newly discovered evidence is that the newly discovered evidence must be "so material that it would probably produce a different verdict." *Emmett v. State,* 232 Ga. 110, 117, supra. The affidavits in question do not satisfy that requirement.

The trial court did not err in denying the motion.

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who dissent.*

ARGUED JUNE 13, 1978 — DECIDED SEPTEMBER 6, 1978.

*Gammon & Anderson, Wayne W. Gammon,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

*Lee v. State,* 146 Ga. App. 189 (245 SE2d 878) (1978), followed *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975). Rather than distinguish *Lee* and *Banks,* I would apply them here and grant the defendant a new trial based upon newly discovered evidence.

I am authorized to state that Justice Jordan joins in this dissent.