## 57719. BOATRIGHT v. THE STATE.

UNDERWOOD, Judge.

Jack Boatright appeals his conviction of selling marijuana. We affirm.

1. In enumeration of error 1 Boatright contends that

the court erred in allowing in evidence hearsay statements related by the law enforcement officers. However, the court admitted the statements for the limited purpose of explaining the officers' conduct in going to certain locations, or "meets," as a result of the conversations, and the jury was instructed accordingly. Consequently no reversible error appears. Code Ann. § 38-302; *Harrell v. State,* 241 Ga. 181 (243 SE2d 890) (1978).

A different result is not required by *Stamper v. State,* 235 Ga. 165 (219 SE2d 140) (1975), since in that case "[t]he statement of the child naming the appellant as the one who had beaten her was entirely unnecessary to explain the conduct of the witness in having the child examined by a physician. The state did not purport to introduce it for this purpose." *Stamper,* supra, 235 Ga. at 169. Those conditions do not obtain here.

2. In enumeration of error 6 Boatright complains of the court's failure to charge that the jury could recommend punishment as for a misdemeanor as provided by Criminal Code § 26-3101, "reducible felonies." No error appears.

"Under prior procedure in which the jury fixed the sentence, it was held to be error to fail to charge Code § 26-3101. See *Willingham v. State,* 134 Ga. App. 603 (215 SE2d 521) (1975) [and *McRoy v. State,* 131 Ga. App. 307, 309 (6) (205 SE2d 445) (1974), cited by Boatright.] However, the law has since been changed, and the trial judge now makes the determination of punishment and imposes the sentence." *Richardson v. State,* 144 Ga. App. 416, 417 (3) (240 SE2d 917) (1977). "Accordingly, there was no error in the trial court's failure to charge the jury that they might recommend the misdemeanor punishment." *Smokes v. State,* 136 Ga. App. 8, 10 (220 SE2d 39) (1975). Accord, *Favors v. State,* 145 Ga. App. 864, 868 (5) (244 SE2d 902) (1978); *Peluso v. State,* 139 Ga. App. 433, 435 (3a) (228 SE2d 395) (1976); *Stanley v. State,* 136 Ga. App. 385, 386 (2) (221 SE2d 242) (1975). See also *Fountain v. State,* 136 Ga. App. 229, 232 (4) (220 SE2d 705) (1975).

3. No demonstration of reversible error has been made with regard to Boatright's contention that the court

in violation of Code Ann. § 81-1104, and the district attorney, in violation of Code Ann. § 81-1009, improperly expressed opinions or made improper argument to the jury.

4. The evidence clearly authorized the charge on conspiracy, as well as the guilty verdict, and remaining enumerations are without merit.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 13, 1979 — ■

*Owens, Littlejohn & Pugh, J. Walter Owens, F. Houser Pugh, Ben S. Atkins,* for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.