## 59763. BOATRIGHT v. THE STATE.

SOGNIER, Judge.

Boatright was convicted in the Superior Court of Muscogee County of selling marijuana and on appeal this court affirmed his conviction. *Boatright v. State,* 150 Ga. App. 283 (257 SE2d 314) (1979). Boatright filed an extraordinary motion for a new trial based on newly discovered evidence in the Superior Court of Muscogee County; the motion was denied and Boatright appeals that ruling.

The newly discovered evidence is an affidavit from Glenn Barnes, a co-defendant when the case was called originally for trial, stating that Boatright had no connection whatsoever with any sale of marijuana on April 24, 1978 (the date of the offense of which Boatright was convicted). Further, Barnes' affidavit provides that Barnes acted in the sale on his own volition and Boatright did not aid or instruct Barnes in the sale and had no knowledge of the purchase and sale. Finally, Barnes' affidavit provides that "to the best of his knowledge and belief," Boatright is not guilty of the offense of which he was convicted.

As the trial judge correctly noted, Barnes' last statement cited above is merely Barnes' opinion, and has no probative value. Although there are six criteria to be met in a motion of this nature, *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971), two of those

criteria are sufficient to defeat appellant's motion. The first criterion which appellant has not met is a showing that his want of due diligence was not the reason he failed to acquire the newly discovered evidence sooner. The affidavits of the two attorneys representing appellant merely state they had no knowledge of the information at the time of trial; they do not state what efforts, if any, were made to obtain such information, or that the failure to discover the evidence was not caused by a lack of diligence. It is a matter of record that Barnes was a co-defendant with appellant, and was present when accused was tried initially on August 31 and September 1, 1978, and was also present when a retrial (after a mistrial) of appellant was held on September 11, 1978. Considering that Barnes was a co-defendant and was present, it appears likely that appellant or his attorneys, through the exercise of due diligence, could have earlier obtained the information from Barnes that Boatright had nothing to do with the offense charged.

The second criterion which appellant has not met is that the evidence is so material it would probably produce a different verdict. At appellant's trial an agent for the Criminal Investigation Division of the U. S. Army testified that he and an informer were involved directly in negotiations for the purchase of marijuana; that Boatright was present; and that Boatright told the agent that the price for the marijuana would be $2,150 and that Glenn Barnes would make the transaction. Additionally, the informer testified to the same facts, as well as testifying to several meetings with, and telephone calls to, Boatright concerning this sale. Thus, it is not likely that Barnes' testimony, assuming it is material, would probably cause a different verdict. This is particularly true since the record shows that Barnes was available to testify as a witness for the *state,* if necessary, at Boatright's trial. Since such testimony would obviously have been adverse to Boatright, it would be difficult to explain why he changed his testimony at this late date; in short, it would be difficult for a jury to lend credence to such testimony. Accordingly, we hold that two of the essential criteria to support a motion of this nature have not been met.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Submitted April 8, 1980 — Decided June 27, 1980.

*Richard W. Littlefield, Jr., John P. Rivers,* for appellant.

*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney,* for appellee.