## 61906. JEFFERSON v. THE STATE.

CARLEY, Judge.

Appellant was indicted on two counts of aggravated assault of a police officer and one count of obstruction of an officer. The jury returned a verdict of guilty of all counts. He appeals.

1. Appellant urges that the trial court erred in allowing a deputy sheriff, who was the prosecuting witness, to remain in the courtroom during the trial without requiring him to testify first after the invocation of the rule of sequestration. "[I]t is within the trial court's discretion to allow the prosecuting witness to remain in the courtroom, as an exception to the sequestration rule. [Cits.] . . . [B]ased upon a showing by the state of some need not to call the unsequestered witness first, the trial court is authorized, in its discretion, to allow the unsequestered witness to be called to the stand after other witnesses have testified. [Cits.]" *Hall v. State,* 243

Ga. 207, 210 (6) (253 SE2d 160) (1979).

In the instant case the state informed the court that the deputy sheriff was needed to assist in the orderly presentation of the case and that he would not be called as the first witness. In response to this showing the trial court ruled: "[T]he Court will exercise its discretion and allow [the deputy sheriff] to remain at counsel table to assist [the state] in the orderly presentation of [its] case." The state's explanation of its need for the deputy sheriff's assistance during trial also encompassed a sufficient showing upon which the trial court could exercise its discretion in deciding whether the prosecuting witness could properly testify at some point in the trial other than as the state's first witness. *McCranie v. State,* 151 Ga. App. 871 (5) (261 SE2d 779) (1979); *Martin v. State,* 151 Ga. App. 9, 11 (3) (258 SE2d 711) (1979). "The orderly presentation of evidence being a proper reason for an exception to the rule of sequestration, and the trial judge having based his ruling upon this exception, we find no error. [Cit.]" *Hardy v. State,* 245 Ga. 272, 276 (1) (264 SE2d 209) (1980); accord, *Hardy v. State,* 245 Ga. 673, 674 (266 SE2d 489) (1980).

2. Appellant urges that the trial court erred in overruling his motion for mistrial predicated on the failure of the prosecution to furnish him with the results of a polygraph examination following a "general" Brady motion. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) imposes an affirmative duty on the prosecution to produce at the appropriate time evidence which is materially favorable to the accused.

At the conclusion of the state's case, counsel for appellant informed the court that he had recently learned that appellant had submitted to a polygraph test and that the state had failed, after a Brady motion, to furnish appellant with a copy of the results of such test. After the state admitted that a crime report in connection with the polygraph test was in its file, appellant moved for a mistrial. At this juncture the trial court conducted an in camera inspection of the crime report and, upon determining the report to be devoid of any exculpatory material, overruled the motion for mistrial.

In the instant case, the results of the polygraph test were inadmissible as evidence for two reasons: First, there was no express stipulation between the parties that the results would be admissible at trial. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977). Secondly, the crime report indicates that the results were "inconclusive" and, thus, of no probative value whatsoever. *Porterfield v. State,* 150 Ga. App. 303 (1) (257 SE2d 372) (1979). Appellant has failed to carry his burden of establishing the materiality and favorable nature of the evidence sought and that the failure to furnish him with such evidence prejudiced his case. *Pryor v.*

*State,* 238 Ga. 698, 706 (5) (c) (234 SE2d 918) (1977). " '[A] defendant bears the burden of showing prejudice to his case resulting from the prosecution's refusal to turn over documents or evidence.' [Cit.]" *Tribble v. State,* 248 Ga. 274 (1981). Hence, no reversible error has been shown. *Dickey v. State,* 240 Ga. 634 (1) (242 SE2d 55) (1978).

Nor do we find any merit in appellant's argument that the results of the polygraph exam could have potentially led to the discovery of exculpatory information. Cf. *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974). For the foregoing reasons, the trial court did not err in denying appellant's motion for mistrial.

3. Appellant enumerates as error the trial court's ruling striking certain testimony elicited on direct examination of appellant. It is argued that the excluded testimony was admissible to explain conduct under Code Ann. § 38-302 and was relevant to appellant's defense of justification. We have carefully reviewed the record and find that substantially the same testimony as that stricken was elicited from other witnesses without objection and that virtually identical evidence was before the jury in the form of documentary evidence. Thus, even assuming that the trial court erred in excluding the testimony, it is highly improbable that such error contributed to the jury's verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976); *Shaw v. State,* 241 Ga. 308 (1) (245 SE2d 262) (1978). Accordingly, this enumeration is without merit. *Hall v. State,* 202 Ga. 619 (2) (44 SE2d 234) (1947).

4. Appellant asserts as error the trial court's refusal to charge his requested instructions on "reasonable doubt," "presumption of innocence," and "presumption that no crime has been committed."

"Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (5) (218 SE2d 820) (1975); accord, *Hall v. State,* 155 Ga. App. 724, 725 (3) (272 SE2d 578) (1980). We have reviewed the charge and find that the trial court adequately and fairly instructed the jury on the subject matter of all requested charges. Accordingly, appellant's enumerations of error attacking the failure to give the above described requested charges are without merit.

5. Appellant's contention that the trial court erred in refusing to charge the jury that it might recommend that appellant be punished as a misdemeanor under the provisions of Code Ann. § 26-3101 (a) must be decided adversely to him on the basis of this court's decision in *Cloud v. State,* 136 Ga. App. 244 (2) (220 SE2d 763) (1975). See also *Smokes v. State,* 136 Ga. App. 8 (5) (220 SE2d 39) (1975); *Richardson v. State,* 144 Ga. App. 416 (3) (240 SE2d 917) (1977); *Boatright v. State,* 150 Ga. App. 283 (2) (257 SE2d 314) (1979).

6. The evidence at trial showed that one of the arresting police officers had been certified as required by Code Ann. Ch. 29A-21 and that the other arresting officer had been employed less than a year at the time of appellant's arrest. For the foregoing reasons, the trial court did not err in refusing to instruct the jury as to the required training for police officers or as to the right of a private citizen to make an arrest. *Douglas v. State,* 145 Ga. App. 42, 44 (5) (243 SE2d 298) (1978); *Stocks v. State,* 153 Ga. App. 72, 73 (2) (264 SE2d 552) (1980).

7. The only enumeration of error not specifically addressed has been carefully considered and found to be without merit.

8. After a careful review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Alfred D. Fears, William P. Bartles,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.

