## 62675. CODY et al. v. THE STATE.

BANKE, Judge.

The appellants and a third co-defendant were jointly indicted and tried for the armed robbery of a clerk at a country store in Waverly Hall, Georgia. The original trial resulted in a mistrial as to the appellants, although the other co-defendant was convicted. A second trial of the appellants resulted in their conviction as well.

The victim testified that three armed and masked assailants entered the store, bound him with telephone cord, and left, taking a shotgun, a .32-caliber pistol, a .38-caliber pistol, the cash register, and an unspecified quantity of cigarettes. A woman identifying herself as appellant Cody's live-in girl friend testified that Cody had left their home in Atlanta with appellant Sorrells a few days prior to the date of the robbery and returned, still in Sorrells' company, a few days after the date of the robbery. She testified that upon his return Cody admitted that he had robbed a store in Waverly Hall and had taken the cash register. Another witness for the state, who had been found in possession of the .38-caliber pistol and the shotgun suspected of having been taken in the robbery, testified that he had received the

weapons from Cody after Sorrells had told him that he (Sorrells) and Cody had robbed a store and had taken the cash register and a .38-caliber pistol. The owner of the store positively identified the pistol as his own. He testified that the shotgun was similar to the one taken in the robbery but stated that he could not identify it positively due to the fact that it had been sawed off.

The appellants' defense consisted essentially of alibi testimony. Following their convictions, they filed a motion for new trial in which they offered as newly-discovered evidence the confession of a prison inmate who maintained that he had committed the crime and that the appellants had not been involved. *Held:*

1. Contrary to appellants' assertions, the evidence against them was not wholly circumstantial and was more than adequate to enable a rational trier of fact to find them guilty beyond a reasonable doubt. Accord, *Northcutt v. State,* 228 Ga. 653 (187 SE2d 260) (1972).

2. The trial court did not err in admitting the shotgun into evidence. Although the owner stated that he could not identify it positively in its altered condition, he testified that it was similar to the one that had disappeared from the store at the time of the robbery, and there was direct evidence that it had been in Cody's possession thereafter, along with the .38-caliber pistol. This was a sufficient foundation to authorize its admission into evidence for whatever weight the jury chose to give it. See *Lively v. State,* 178 Ga. 693 (3) (173 SE 836) (1934); *McKibben v. State,* 187 Ga. 651 (2) (2 SE2d 101) (1939).

3. The trial court did not err in determining as a matter of law that the newly-discovered evidence offered in support of the motion for new trial was so inherently incredible that it was unlikely to produce a different verdict upon retrial. See *Burge v. State,* 133 Ga. 431, 432 (66 SE 243) (1909); *Griffin v. State,* 242 Ga. 51, 54 (247 SE2d 853) (1978). See generally Code § 70-204. The person seeking to take credit for the robbery was a penitentiary inmate already serving a life sentence. He had testified at the appellants' original trial, apparently concerning the origin of the .38-caliber pistol and the shotgun, yet had made no mention of his alleged involvement in the robbery at that time. When asked why he had withheld this information, he responded that he had not believed that the appellants would be convicted and thus had not believed it necessary for him to confess. Although he testified that he committed the offense with the assistance of three accomplices whom he had known all of his life, he stated that he did not know their last names. It was shown that the witness had been confined in the same jail with the appellants during the first trial, thus providing him with ample opportunity to learn from them the details of the offense. Given the considerable strength

of the state's case against the appellants, the judge was authorized under these circumstances to conclude that a jury would not lend credence to the witness' testimony and that it was not likely to lead to a different verdict upon retrial. Accord, *Boatright v. State,* 155 Ga. App. 109 (270 SE2d 321) (1980). The case of *Austin v. State,* 121 Ga. App. 244 (2) (173 SE2d 452) (1970), is distinguishable in that the witness in that case was not a penitentiary inmate serving a life sentence, nor did his testimony inherently raise questions concerning his credibility.

4. The trial court did not err in denying the appellants' motion for severance. See *Battle v. State,* 155 Ga. App. 541 (1) (271 SE2d 679) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1981.

*E. Earl Seals, Richard A. Bunn,* for appellants.
*William J. Smith, District Attorney,* for appellee.