70348. WILSON v. THE STATE.
(332 SE2d 352)

BIRDSONG, Presiding Judge.

Teresa Diane Wilson appeals her conviction of armed robbery and sentence of ten years.

The evidence at trial showed that the victim, Robert Kidd, was driving in the Rossville, Walker County, Georgia area when another vehicle began following him closely. Unable to elude the pursuing car, Kidd turned into the parking area of a minute market, where he and the other driver exchanged angry words. The driver of the other car, who was identified as Johnny Wallace and was tried separately, jumped out, leaned inside Kidd's pickup truck and stuck a small nickel-plated automatic pistol in Kidd's side, threatening to shoot him. While Wallace held the gun to Kidd's head, a woman got out of the following car and searched his truck, asking him if he had any drugs. Finding none, she took Kidd's wallet and some cassette tapes

from the dashboard of Kidd's truck. After threatening to take Kidd out to the country and either shoot him or shoot the tires off his truck leaving him stranded, they let him drive away, following him to his aunt and uncle's house. Kidd noted that their car had a Hamilton County, Tennessee license tag, and he remembered the first and last three digits when he reported the incident to the police. Later that same evening, appellant and Johnny Wallace were apprehended in Walker County changing the license tag on a stolen Jeep. Kidd was unable to identify her as the woman who robbed him, or to identify a third male who remained in the back seat of Wallace's car.

Appellant was taken into custody, where she was given *Miranda* warnings and agreed to make a statement to the Walker County authorities. Appellant stated that she had known Wallace for several months, and that on the day in question, after drinking two fifths of bourbon, they had picked up a Tony Roberts and driven towards Chattanooga. Wallace had taken a .25 caliber pistol that belonged to her estranged husband, and the men planned to steal some pot from "some black guys" in the Chattanooga area. They were driving through the Rossville area when Wallace began bumping a pickup truck in front of them. The truck turned into a minute market and they followed. Wallace jumped out and placed the pistol he had taken from appellant's house into the victim's stomach. They took the victim's wallet and some cassette tapes and when the truck left the area, they rode around until dark and then went to Chattanooga. After robbing the drug dealers in Chattanooga, shooting one, they returned to Georgia where they robbed another victim and stole his Jeep. Appellant stated that she pulled this victim's hair while Wallace beat him with the pistol to get him out of the Jeep. *Held*:

1. Appellant asserts that the trial court erred in sustaining the guilty verdict based entirely on circumstantial evidence and in failing to charge the jury on circumstantial evidence. These enumerations are without merit. "[W]here the defendant makes incriminatory statements after the [crime], the case is not one depending entirely upon circumstantial evidence. [Cit.]" *Northcutt v. State*, 228 Ga. 653-654 (187 SE2d 260); *Cody v. State*, 160 Ga. App. 86 (1) (286 SE2d 321). Appellant's incriminatory statement, which the court determined was freely and voluntarily made, was sufficient to constitute a confession that she was a party to the crime of which she was accused, and as such it was direct evidence of guilt. *Wright v. State*, 169 Ga. App. 693, 697 (2) (314 SE2d 709). See also *Parham v. State*, 166 Ga. App. 855 (1) (305 SE2d 599). Not only was a charge on circumstantial evidence not required by the evidence, appellant failed to request such instruction and when inquiry was made by the court, counsel replied, "None, your Honor." Thus, she has waived her right to enumerate this as error. *Dempsey v. State*, 162 Ga. App. 390 (2) (291

SE2d 449).

2. Appellant argues that there was no evidence of any intent on her part to participate in the armed robbery, except for being present when it was committed. However, the victim testified that the woman accompanying Johnny Wallace removed his wallet and cassette tapes from his truck while Wallace held him at gunpoint, and some of these items were found in appellant's possession. "The matter thus essentially involved the credibility of the appellant, and [her] explanation of the incident was so contradicted . . . that the jury certainly was authorized to reject the explanation. [Cit.] Accordingly, we find the circumstances and conduct of appellant proven in this case sufficient for a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [Cit.]" *Parham v. State*, supra, p. 856. Accord *Jackson v. State*, 163 Ga. App. 526 (1) (295 SE2d 206). It follows that appellant is not entitled to a new trial on grounds of insufficiency of the evidence.

3. Appellant's statement, which was allowed in evidence through testimony of the investigating officers, contained references to her participation in other crimes occurring before and after the armed robbery being tried. The trial judge admitted this evidence over appellant's objection, stating that he would "instruct the jury, both at that time and in the charge, concerning how they are to use that evidence, if at all." Appellant complains that the effect of admission of this evidence of other crimes was to place her character in issue and attack her character before the jury in violation of OCGA § 24-2-2. We do not agree.

The trial judge stated that evidence of these independent crimes was admissible to show identity, motive, plan, scheme, bent of mind, course of conduct, common design or modus operandi. The jury was also instructed that appellant was not on trial for any offense other than that charged in the indictment, and before they could consider any evidence of independent crimes, there must be a showing that appellant was in fact the perpetrator thereto and sufficient similarity between the independent crimes and the offense charged that proof of the former tended to prove the latter.

The trial court did not err. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense.' [Cits.]" *Ledford v. State*, 215 Ga. 799, 805 (113 SE2d 628).

4. Appellant was indicted for the offense of armed robbery by taking Kidd's wallet and cassette tapes "by use of a certain pistol, same being an offensive weapon, contrary to the laws of this state . . . ." When the indictment was read to the jury, the transcript indi-

cates that the prosecutor failed to state that the "certain pistol" was "an offensive weapon." Appellant asserts that the prosecutor's failure to read this essential element of the crime as defined by OCGA § 6-8-41 renders the conviction invalid because there was no evidence that she possessed or used an offensive weapon or aided or abetted Wallace in removing Kidd's possessions. However, when the indictment was read by the judge to the jury all the language was included. Kidd also testified that appellant took his wallet from his hip pocket while Wallace was threatening him and discussed with Wallace whether to shoot Kidd or shoot out his tires and abandon him. In his report to police, Kidd stated that "the female instigated the whole situation after [Wallace] got out of the vehicle, in her cussing and mouthing . . . . He advised he thought the white male would have moved on after showing him the weapon if the female had not pressed the situation." There is no question that the .25 caliber automatic pistol along with the extra ammunition found in the stolen Jeep and introduced in evidence constituted an offensive weapon per se. See *Meminger v. State*, 160 Ga. App. 509 (2) (287 SE2d 296). Therefore, we find no reversible error in the inadvertent omission, if any, of the statutory words which were properly included in the indictment, nor for any other reasons assigned by appellant.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 4, 1985.

*Kenneth D. Bruce*, for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney*, for appellee.