## 72465. GREENE v. THE STATE.
(347 SE2d 332)

BANKE, Chief Judge.

The defendant was found guilty of voluntary manslaughter. On appeal, he contends that the evidence was insufficient to support the jury's verdict and that the trial court erred in admitting into evidence a pre-trial statement which he had made without benefit of *Miranda*

warnings. *Held*:

1. The state's evidence was to the effect that the victim, Thomas Beatty, had encountered the defendant, whom he apparently suspected of having burglarized his mother's home, upon entering the Red Spot Liquor Store. After some words were exchanged between the two, the victim knocked the defendant to the floor, whereupon the defendant pulled a pistol and shot the unarmed victim in the neck. The defendant then followed the victim from the store and fired a second shot, which caused the victim's death. A rational trier of fact could reasonably have concluded from this evidence that the defendant was guilty of voluntary manslaughter beyond a reasonable doubt. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982). It follows that the defendant was not entitled to a directed verdict of acquittal.

2. Officer Robinson of the Savannah Police Department testified that he encountered the defendant standing at the scene with a gun in his hand, which he ordered the defendant to drop. The officer testified that the defendant then volunteered the statement that he had dropped the gun and that it had gone off. The defendant testified that he made no such statement. Thus, the undisputed testimony was that if the statement was made it was spontaneous and not the result of custodial interrogation. It follows that *Miranda* warnings were not required. See *Gooch v. State*, 155 Ga. App. 708 (4) (272 SE2d 572) (1980); *Roberts v. State*, 146 Ga. App. 23 (1) (245 SE2d 358) (1978).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 25, 1986.

*Robert Blevins Royce*, for appellant.

*Spencer Lawton, Jr., District Attorney, William G. Cromwell, Assistant District Attorney*, for appellee.