18346. BURGESS v. THE STATE.

DUCKWORTH, Chief Justice. 1. Upon the trial under the indictment for murder, there was testimony of an eyewitness proving the killing in the manner alleged in the indictment. The verdict of guilty is therefore authorized by the evidence and the general grounds of the motion for a new trial are without merit.

2. Two of the amended grounds complain of excerpts from the charge, wherein it was stated that "the Supreme Court says that, if a person can distinguish between right and wrong, he is responsible," and "the Supreme Court says that the use of a weapon likely to produce death raises the presumption of malice." The grounds of these complaints are that it was highly prejudicial and influenced the jury in bringing in a verdict of guilty to refer to the Supreme Court. The charges were the equivalent of saying "the law says" and could not have been prejudicial to the accused. See Rozier v. State, 185 Ga. 317 (195 S. E. 172); Plummer v. State, 200 Ga. 641 (38 S. E. 2d 411).

3. Two special grounds complain of excerpts from the charge which correctly state the law that accidental shooting is not an available defense if the jury concludes that a gun was used by the accused to shoot the deceased, that it went off not by accident but by the defendant's pulling the trigger, intending thereby to shoot the deceased, and that for accident to be a defense it must be shown to the satisfaction of the jury that there was no evil design, no evil intent, and no deliberate intention to shoot the deceased. The complaint is that these excerpts invaded the province of the jury and expressed opinions of the judge. Obviously, there is no merit in either ground, since the court correctly charged the law on the defense of accident. See *Jones* v. *State,* 207 *Ga.* 379 (62 S. E. 2d 187).

4. By telling the jury in his statement that he had worked for the Savannah Morning News for many years, the defendant did not thereby put his good character in evidence, and for this reason as well as the rule of law that states that it is not error to fail to charge on an issue shown alone by the defendant's statement, the special ground complaining because of the failure to charge on character, since the record shows such statement to have been that of the accused, is without merit. Nor was there a request for such a charge here. *Ellison* v. *State,* 137 *Ga.* 193 (7) (73 S. E. 255); *Wheat* v. *State,* 187 *Ga.* 480 (5) (1 S. E. 2d 1).

5. An excerpt from the charge which states that, for the accused to be acquitted because of insanity, unless the State's evidence shows he can not distinguish between right and wrong, the burden is upon the accused so to prove, is not subject to the complaints that the defendant need not prove it beyond a reasonable doubt, but only to the reasonable satisfaction of the jury, and the charge required the defendant to prove insanity beyond a reasonable doubt. The charge is not subject to either the construction placed upon it or the criticism of this special ground.

6. The foregoing rulings cover every ground of the amended motion for new trial, and no error appearing, it was not error to overrule the same.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 13, 1953.

*James N. Rahal,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.