## 36575. TURNER v. THE STATE.

GARDNER, P. J. The defendant was convicted in the City Court of Carrollton upon an accusation charging him with operating an automobile upon a public highway while under the influence of intoxicating liquors and drugs. The evidence as to intoxication is that an arresting officer stated: "He was drinking. I could smell it on him good." Another officer testified that the defendant was drinking about an hour after he was first ac-

costed. There was evidence from companions who were in the car with the defendant that the defendant was not drinking and had had no intoxicating drinks of any kind. The defendant stated that he was not drinking. There was no evidence as to the manner in which the defendant was driving.

The true test of the basis of conviction of driving while under the influence of intoxicants, within the meaning of Code (Ann. Supp.) § 68-1625 is when it is shown beyond a reasonable doubt that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected. The manner of driving may be taken into account when there is evidence that defendant has been drinking. In the instant case, it is not shown whether or not it was less safe for the defendant to operate the car than it would have been without the alleged intoxicants. See *Harper* v. *State*, 91 *Ga. App.* 456 (86 S. E. 2d 7). There are many other decisions to the same effect. The evidence is insufficient to sustain the conviction.

The only special ground assigns error in that the court admitted evidence with reference to the odor of alcohol being on the defendant's breath some hour or an hour and a half after he was arrested. Under the facts of this case we hold that this is not reversible error, because such is only a circumstance regarding the intoxication of the defendant.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 18, 1957.

*Earl Staples, R. J. Brown,* for plaintiff in error.
*William J. Wiggins, Solicitor,* contra.