## 25562. ANDERSON v. THE STATE.

SUBMITTED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970.

*William Holley,* for appellant.

*Ben F. Smith, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Assistant Attorneys General,* for appellee.

NICHOLS, Justice. The defendant was convicted of murder and sentenced to life imprisonment upon a recommendation of mercy by the jury. A motion for new trial was filed and overruled and the present appeal filed.

The evidence showed that the accused along with the deceased and the brother of the accused were together during the evening when the killing took place, that they had been drinking beer and traveling about the county in a pickup truck being operated by the accused, that an argument arose between the accused and his brother, that the brother and the deceased got out of the pickup truck alongside a road in Cobb County, that the accused left them and went to the house of the brother where the brother's wife was taking care of the 5-year-old son of the accused, that the accused told the brother's wife that he was going to kill his brother (her husband), that he took his son with him and drove back down the road (approximately one-half mile) and struck the deceased with the pickup truck, from which impact the deceased died instantly. There was evidence that the deceased and the brother of the accused were on the left side of the centerline (in the direction in which the accused was driving) when the accused drove the pickup truck into the deceased knocking him into the ditch.

1. The first enumeration of error to be considered (numbered 5) complains that the trial court erred in failing to charge without request the law as to operating motor vehicles to the right side of the centerline and the limitations on operating them to the left of the centerline.

There was no dispute but that the defendant was driving to the left of the centerline at the time he struck the deceased, nor was there any evidence that would make such driving to the left of the centerline by the defendant legal at the time. Accordingly, the failure to charge as contended for by the defendant in this enumeration of error, if error, was not harmful to the defendant.

2. The sixth enumeration of error complains that the trial court erred in failing to define "assault."

It is well settled that terms of common usage need not be specifically defined in instructing a jury, and the word "assault" is certainly a term in common usage. Compare *Spurlin v. State*, 222 Ga. 179 (6) (149 SE2d 315).

3. The seventh enumeration of error complains that the trial court erred in charging the jury with reference to operating a motor vehicle while under the influence of intoxicants in that the trial court instructed the jury that the driver must be under the influence of intoxicants to the extent that he is a less efficient driver than he would be if he had had no intoxicants. The defendant contends that the court should have used the phrase "less safe driver."

The General Assembly has in adopting statutes dealing with blood alcohol tests, e. g. Ga. L. 1968, p. 448 (*Code Ann.* § 68-1625, 68-1625.1) recognized that "under the influence" means more than having consumed the smallest amount of alcohol possible to imagine. As has been recognized by court decisions, the operator of a motor vehicle must be under the influence of such intoxicant to the extent that it is less safe for him to operate a motor vehicle than if he were not so affected. See *Harper v. State*, 91 Ga. App. 456 (86 SE2d 7) and citations.

Obviously a driver who is less safe is less efficient. He is less skillful, less competent, less able, less qualified, less proficient and less efficient. Each of the words would convey the

same message to the jury. The driver must be so affected by the intoxicant that it adversely affected his operation of the motor vehicle. The excerpt from the charge complained of shows no error harmful to the defendant.

4. The eighth enumeration of error complains of an excerpt from the court's charge on the subject of involuntary manslaughter in the commission of an unlawful act.

The complaint is on the italicized words in the following excerpt from the charge: "I charge you further, if you believe beyond a reasonable doubt that at any time within four years next preceding the date this bill of indictment was returned by the grand jurors named therein and filed in this court, that this defendant did, in the County of Cobb and State of Georgia, kill the person named in this bill of indictment, without intention to do so, while engaged in the commission of an unlawful act, as charged, *that such unlawful act contributed to the death of the deceased,* and that death would not have resulted but for such unlawful act, then and in that event the jury would be authorized to convict the defendant of the offense of involuntary manslaughter in the commission of an unlawful act."

The excerpt complained of when considered with the entire charge plainly instructed the jury that the act of the defendant must have been the proximate cause of the death of the deceased. This enumeration of error is without merit.

5. The ninth enumeration of error complains of the following excerpt from the court's charge: "I charge you, that if you should find from the evidence *as a whole* that there is a reasonable doubt of guilt, then you must find the defendant not guilty, and you must acquit him." (Emphasis supplied.)

The sole complaint in this enumeration of error is on the inclusion of the italicized words, it being the contention that such words placed a lesser burden on the State and a greater burden on the defendant than required by law. This contention is without merit. Had the charge had the effect of excluding from the jury's consideration a part of the issue before them (*Salisbury v. State,* 221 Ga. 718 (146 SE2d 776)), a different question would be presented. The defendant testified under oath and the jury was properly instructed to consider the evidence as a whole

in determining if it had a reasonable doubt as to the defendant's guilt.

6. The evidence set forth above was ample to authorize the verdict of the jury and the remaining questions presented by the defendant's enumerations of error, all of which raise the question of the sufficiency of the evidence to support the verdict, are without merit.

*Judgment affirmed. All the Justices concur.*