46372. WILSON v. THE STATE.

Hall, Presiding Judge. Defendant appeals from his conviction for burglary and from the denial of his motion for new trial. He enumerates as error the State's failure to prove venue. This has no merit. A police officer who answered the burglary call testified that it was in Fulton County and there was no other conflicting evidence. *Wells v. State,* 210 Ga. 422 (80 SE2d 153).

Defendant also contends the court erred in failing to charge his distinct defense of being forced to the scene of the crime at gunpoint by two strangers. (Defendant was apprehended inside the premises by security guards and officers responding to the burglar alarm.) First of all, this point was raised only by defendant's unsworn statement at trial and by eliciting on cross examination his equally unsworn statement along the same lines made to an investigating officer. He neither offered nor elicited any evidence, direct or circumstantial, in corroboration. In the absence of a request to charge this defense in detail, the court had no duty to do so. *Darby v. State,* 79 Ga. 63 (8) (3 SE 663); *Hayden v. State,* 69 Ga. 731 (3); *Burgess v. State,* 210 Ga. 91 (78 SE2d 33). Further, the court did charge completely on the necessity of finding intent, the element to which this defense pertains. It therefore fulfilled its duty to "charge upon the general principles covering the facts of the case" even without a request. *Spivey v. State,* 59 Ga. App. 380, 382 (1 SE2d 60).

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

404

SUBMITTED JUNE 30, 1971—DECIDED SEPTEMBER 8, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Creighton W. Sossomon,* for appellee.