## 47556. GEARIN v. THE STATE.

PANNELL, Judge. Phil Gearin was convicted of burglary and carrying a pistol without a license outside his house, and outside his house concealed, and was sentenced to eleven years in the penitentiary. He appeals from an order overruling his amended motion for new trial. *Held:*

1. Appellant alleges: "The court erred in failing to charge the lesser included offense or included offense of receiving stolen goods as it was demanded by the evidence."

The allegation presents two questions for the courts' consideration, (1) Is receiving stolen goods a lesser included offense of the offense of burglary? The general rule concerning lesser included offenses appears to be: "To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser." 42 CJS 1297, § 275.

In *Gilbert v. State,* 65 Ga. 449, 451, the Supreme Court of Georgia held that receiving stolen goods knowing them

to be stolen is "an offense wholly dissimilar from burglary in its nature and characteristics. One is accomplished by the presence and use of active force in the breaking and entering, whilst in the other is an utter absence of every element of burglary, as well as a transaction totally distant in time, place, circumstances, grade and punishment; one a felony, the other a misdemeanor."

Under the Criminal Code of Georgia, § 26-1806, theft by receiving stolen property (a misdemeanor) requires a receiving, disposing or retaining of stolen property which the accused knows or should know was stolen (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859) while the offense of burglary (Criminal Code § 26-1601) requires an entering or remaining in a building without authority with intent to commit a felony or theft therein. Nowhere is there an allegation of receiving, disposing or retaining of stolen property.

Phrased in other terms, it is clear that the offense of theft by receiving stolen property contains elements not present in the offense of burglary. Only an intent to commit theft is required—not the completed act.

That receiving carries a possible lower minimum sentence is irrelevant. *Plummer v. State,* 126 Ga. App. 482, 483 (191 SE2d 333). (2) Was the issue of receiving stolen property properly raised by the evidence to require the trial judge to instruct on the issue of lesser included offense? Assuming arguendo that receiving stolen property is lesser included in the offense of burglary, this point was raised only by defendant's unsworn statement at trial. He neither offered nor elicited any evidence, direct or circumstantial, in corrobation. There was no request to charge and the court had no duty to do so. *Darby v. State,* 79 Ga. 63 (2) (3 SE 663); *Hayden v. State of Ga.,* 69 Ga. 731 (3); *Burgess v. State,* 210 Ga. 91 (78 SE2d 33); *Wilson v. State,* 124 Ga. App. 403 (183 SE2d 926); *Craighead v. State,* 126 Ga. App. 300 (190 SE2d 606).

2. Appellant also alleges: "The court erred in charging the

jury in the pre-sentence hearing that they would '. . . deliberate what you believe to be a just and proper sentence . . .' as this is a vague, ambiguous, incorrect statement of the law, erroneous and gives the jury no guideline as to what to consider in setting the sentence, and further erred in failing to charge *Code Ann.* § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902), which sets jury guidelines and informs the jury on what they should consider in setting sentence."

The cited statute requires, with reference to instructions, that "upon the conclusion of the evidence and arguments, the judge shall give the jury appropriate *instructions* and the jury shall retire to determine the punishment to be imposed." (Emphasis supplied.)

When asked if there were objections to the charge, appellant's counsel responded "no," and made no request for special instructions.

When a party accedes to an instruction by specifically stating no objection, he cannot now complain. *Daniel Contracting Co. v. Bob Johnson Homes,* 122 Ga. App. 621 (178 SE2d 541); *Thompkins v. State,* 126 Ga. App. 683, 684 (191 SE2d 555).

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
Submitted October 3, 1972—Decided January 3, 1973.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, J. Melvin England, Darryl Cohen,* for appellee.