## 51117. STANLEY v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried, convicted and sentenced to eight years imprisonment for the crime of aggravated assault. His motion for new trial was overruled and an appeal was taken to this court. *Held:*

1. The first enumeration of error sets forth that the trial court erred in allowing a witness to testify for the state when her name was not on the list of witnesses. At the time the testimony of the witness was objected to, counsel for the state said: "I will state in my place that this evidence is newly secured, unknown until yesterday at lunchtime."

The 1966 amendment to Code § 27-1403 (Ga. L. 1966, pp. 430, 431) provides: "Without the consent of the defendant, no witness shall be permitted to testify for the State whose name does not appear upon the list of witnesses as furnished to the defendant unless the solicitor or prosecuting attorney shall state in his place that the evidence sought to be presented is newly-discovered evidence which the State was not aware of at the time of its furnishing the defendant with a list of the witnesses." In *Mitchell v. State,* 226 Ga. 450, 454 (3) (175 SE2d 545), the Supreme Court held that it was not error

for the trial court to permit the witness to testify where "[t]he district attorney stated in his place to the court that for the first time, when the witness came into the office 'yesterday morning, ' he volunteered information that the district attorney did not know of before that time." Accord, *Butler v. State,* 226 Ga. 56, 58 (4) (172 SE2d 399). Accordingly, the first enumeration of error is without merit.

2. The defendant contends in his second enumeration of error that the trial court erred in failing to charge the jury that aggravated assault is a reducible felony and that the jury might recommend that the defendant be punished as for a misdemeanor under the provisions of Code Ann. § 26-3101 (Ga. L. 1968, pp. 1249, 1334).

The Criminal Code of Georgia § 26-3101 (a) (Code Ann. § 26-3101 (a); Ga. L. 1968, pp. 1249, 1334) provides: "When a defendant is found guilty of a felony punishable by imprisonment for a maximum term of 10 years or less, *the jury that determines the sentence* may recommend that the defendant be punished as for a misdemeanor. The judge may, in his discretion, follow the recommendation of the jury." (Emphasis supplied.) Under our prior bifurcated procedure in which the jury fixed the sentence, it was held to be error to fail to charge the Code section in question. *Willingham v. State,* 134 Ga. App. 603, 608 (6) (215 SE2d 521), and cases therein cited.

Since July 1, 1974 the trial judge sets the punishment and determines the sentence. Code § 27-2301 as amended Ga. L. 1974, p. 352; Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357). This case was tried in January 1975. It is therefore clear that since the jury no longer determines the sentence, it is not necessary that the trial judge give this charge. *Smokes v. State,* 136 Ga. App. 8 (220 SE2d 39). Hence, it was not error to fail to charge this Code section.

3. No further grounds having been urged in this court, any remaining enumerations of error are without merit.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED
OCTOBER 30, 1975.

*Roy Douglas Lloyd,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.