## 55540. FAVORS v. THE STATE.

DEEN, Presiding Judge.

Ralph Favors was indicted, tried, and convicted of motor vehicle theft and sentenced to five years in the state penitentiary. He appeals from an order of the trial court denying his motion for a new trial.

1. Appellant contends that the trial court allowed the state to place defendant's character in issue. During

direct examination, appellant's counsel asked him: "Do you know anything else, any other facts you believe would contribute to the jury's understanding of this case?" He replied: "Well, I had no way of knowing the car was stolen. I have never dealt with anything like that before. That is why I wanted to have a jury trial." The state immediately requested the jury to retire, and out of their presence, sought permission to impeach appellant's assertion of good character by admitting a certified copy of an indictment, plea, and sentence dated September 11, 1973, which showed that appellant had committed armed robbery. The trial court granted the state's request holding that appellant had opened the door as to his good character ". . . because he is relating it to the question of theft which would indicate that he had never committed a theft before."

Code Ann. § 38-415 provides in part: ". . . no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall first put his character in issue." "In a criminal case the State can not rebut or question the *presumption* of the *defendant's good character* unless the defendant discards the presumption thus afforded and *elects* to put his *actual character* in issue by evidence or by his statement to the jury." *Bryant v. State,* 65 Ga. App. 523 (2) (16 SE2d 241) (1941). However, Code Ann. § 38-1802 provides: "A witness may be impeached by disproving the facts testified to by him." Thus, while a criminal defendant is not subject to impeachment by proof of general bad character or prior convictions until he puts his general good character in evidence, he is subject to impeachment the same as any other witness. *Leverette v. State,* 107 Ga. App. 712 (131 SE2d 782) (1963). When appellant made the above statement, he was, in effect, testifying that he had never committed a theft offense. Armed robbery includes theft by taking as a matter of law. *Shepherd v. State,* 234 Ga. 75 (214 SE2d 535) (1975). We find no error in the trial court's ruling that permitted his prior conviction to be introduced in evidence.

2. Appellant contends that certain remarks made by the assistant district attorney during closing argument required curative instruction by the court, but

that none were given. The record shows that appellant made two objections to the line of argument pursued by the district attorney, and both objections were sustained by the trial court. Appellant, however, sought no further relief after the court made its second ruling. Instead, he apologized to the court for interfering with final argument. "It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221) (1951). "Failure to object amounts to a waiver." *Gerdine v. State,* 136 Ga. App. 561, 563 (222 SE2d 128) (1975). This enumeration is therefore without merit.

3. In his third enumeration of error, appellant claims that the trial court erred by allowing the state to place the attorney for a co-defendant on the witness stand because such an action violated the attorney-client privilege. The trial court correctly ruled that appellant had no standing to assert a privilege belonging to a co-defendant. "The rule that communications between an attorney and his client are privileged, and that the attorney is an incompetent witness to testify thereto, can not be invoked for the benefit of other persons who are strangers to such relationship." *Yarbrough v. Yarbrough,* 202 Ga. 391, 403 (43 SE2d 329) (1947).

4. Appellant also claims that the trial court erred in denying his motion for a mistrial at the close of his case. He believes that the trial court erred when it permitted counsel for the co-defendant to testify about matters involving appellant because the witness had previously represented appellant in this case and that counsel's disclosure of his withdrawal from the case because of a conflict of interest was not responsive to the question asked and prejudiced appellant in the eyes of the jury.

The record reveals that appellant objected to counsel

being called as a witness by the state because he had not been sequestered and that his testimony would be incompetent evidence because it was a confidential communication. The court ruled that appellant had no standing to object to the testimony. After direct examination of the witness by the state, appellant questioned the witness about the reason the co-defendant decided to enter a guilty plea He denied that part of the consideration for his client's guilty plea and subsequent sentence under the Youthful Offender Act was that his client would testify against appellant. The court then permitted the witness to explain his answer. He testified that he had been appointed to represent both of the men accused of motor vehicle theft, and after interviewing both of them, he discovered that a conflict of interest existed and asked the court to appoint another attorney to represent one of the defendants. He also testified that at no time during pre-trial negotiations with the district attorney was there any indication that his client would testify against appellant. On appeal, appellant objects to the witness' testimony: "At the time that Mr. Grimes entered his plea of guilty, which has been some months ago, there was no disposition of Mr. Favors' case nor was there any inclination toward him having a jury trial or entering a plea." At no time did counsel for appellant object to the witness' testimony and ask to have it stricken from the record as prejudicial to his client. Instead, he chose to wait until after the last witness had testified and then make his motion for a mistrial. Where a motion for a mistrial is not made until the conclusion of the evidence, it ". . . [is] not timely and will be considered as having been waived because of the delay in making the motion." *Barreto v. State,* 123 Ga. App. 117, 118 (179 SE2d 650) (1970). Although counsel objected to permitting this witness to testify because such testimony would be incompetent, "[w]here counsel elicits substantially the same testimony as complained of he cannot be heard to complain of the evidence to this court." *Lemon v. State,* 235 Ga. 74, 76 (218 SE2d 818) (1975).

Although part of this enumeration of error complains that the witness was not sequestered, appellant has not supported this portion of the enumeration by argument or

citation of authority. It is therefore deemed abandoned. Court of Appeals Rule 18 (c).

5. Appellant also contends that the trial court erred in failing to charge the jury that it could recommend that appellant could be punished as for a misdemeanor. This enumeration is totally without merit. The trial judge now sets the punishment and determines the sentence. Code Ann. § 27-2301, as amended (Ga. L. 1974, p. 352); Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357). Therefore, the court was not required to charge the jury that portion of § 26-1813 which permits the jury to recommend misdemeanor punishment. See *Stanley v. State,* 136 Ga. App. 385 (221 SE2d 242) (1975). *Winslow v. State,* 135 Ga. App. 773 (219 SE2d 21) (1975).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MARCH 2, 1978 — DECIDED APRIL 20, 1978 —
REHEARING DENIED MAY 9, 1978.

*Joseph E. Williams,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

