### 59262. SMITHERMAN v. THE STATE.

BANKE, Judge.

Appellant was convicted of illegally driving on the sidewalk and of driving under the influence of alcohol. The sole question presented on appeal is whether the trial court erred in overruling his motion to suppress the results of a breath test. *Held:*

In *State v. Baker,* 146 Ga. App. 608 (247 SE2d 160) (1978), we held that the state is required to produce either a properly authenticated record that the photo-electric intoximeter (or breath analyzer) was of a design specifically approved by the Director of the State Crime Laboratory or the testimony of the director himself to that effect. The basis for this requirement is not Code Ann. § 68A-902.1, which governs the administration of blood-alcohol tests, but rather Rule 570-9-.06 (6) of the Rules of the Department of Public Safety as reported in the Official Compilation of the Rules and Regulations of the State of Georgia, Vol. VI.

Rule 570-9-.03 (5) requires that applicants for licenses to perform breath tests include in their applications the manufacturer, model, and name of the instrument upon which the tests will be performed. The officer who conducted the test administered to appellant was issued a permit signed by the Director of the State Crime Laboratory, and this permit was received in evidence. It states on its face that it was issued for analyses to be conducted on the "Photo-Electric Intoximeter 400," which was the instrument used for appellant's test. Since the director issued the permit for the operation of this particular machine, it may be inferred that its design was specifically approved by him. Accordingly, the results of the test were admissible.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED FEBRUARY 6, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.