## 59263. WILLOUGHBY v. THE STATE.

Quillian, Presiding Judge.

The defendant appeals his conviction for driving under the influence of alcohol and for speeding. In this court it is contended that the trial judge erred in overruling a motion to suppress evidence obtained by use

of an intoximeter on the ground that such intoximeter had not been approved by the Director of the State Crime Laboratory. On that same basis, it is further argued that it was error to fail to strike the testimony of the operator of the intoximeter. *Held:*

1. In *State v. Baker,* 146 Ga. App. 608 (247 SE2d 160) this court held "Although Code § 68A-902.1, which governs the administration of blood-alcohol tests, does not contain any requirement that breath analysis equipment be approved by the state crime laboratory, such a requirement is created by Rule 570-9-.06 (6) of the Rules of the Department of Public Safety, as reported in the Official Compilation of the Rules and Regulations of the State of Georgia, Vol. VI. That regulation provides in pertinent part, as follows: 'All breath tests other than the original screening test will be conducted on a photo-electric intoximeter or breath analyzer of a design specifically approved by the Director, State Crime Laboratory.'

"The police officer who testified for the state regarding the administration of the test was not competent to state whether the director of the state crime laboratory had approved the design of the machine in question. Proof of that fact would require either a properly authenticated record to that effect or the testimony of the director himself. Since no such evidence was available, the trial court was correct in suppressing the test results." Accord, *Brady v. State,* 151 Ga. App. 89 (258 SE2d 914).

We note that the new Department of Public Safety Rule 570-9-.06 (5), effective October 31, 1979, *which is not applicable in the present case,* provides: "Breath tests other than the original screening test may be conducted on a Photo-Electric Intoximeter (Model 300 or 400), Auto-Intoximeter or GC Intoximeter (Mark IV or Mark IV-A)." Furthermore, the approval of the State Crime Laboratory Director is *now* needed only for "the design of any other type of breath analyzer used in this State."

In the case sub judice the officer who operated the intoximeter responded to the following questions: "Q. And I ask you whether this equipment that you used, was it furnished to the Clarke County Police Department by the State of Georgia? A. Yes, sir. The equipment is supplied by

the County. It's purchased by the County, but it's approved by the State. Q. It's supplied to the Police Department by the State? A. It has to be approved by the State before we can purchase it." Counsel for defendant objected on the grounds that the evidence was hearsay.

We are constrained to hold that under *State v. Baker,* 146 Ga. App. 608, supra, the officer's testimony, which was objected to, was not competent to establish whether the equipment was approved by the Director of the State Crime Laboratory. Hence, it was error to fail to strike such testimony.

2. We fine nonmeritorious the peripheral argument that the trial judge erroneously ruled the burden of proof was on the defendant to establish the intoximeter was not approved.

While the trial judge expressed doubt regarding upon whom the burden rested, he directed the state to proceed with the proof.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED FEBRUARY 12, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.