## 61116. SMITHERMAN v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of the offense of driving under the influence of alcohol. In two separate enumerations of error, defendant complains of the charge of the trial court. Neither enumeration warrants a reversal of the judgment.

1. Defendant asserts that the following instruction of the trial court constituted reversible error: "Now, the essential ingredients of the offense are the driving or being in control of a moving vehicle by the accused at a time while under the influence of some alcohol." Specifically, defendant argues that the use of the word "some" in the court's charge erroneously implies that defendant could be found guilty of the offense charged if he was to "any extent whatsoever" under the influence of alcohol. See in this regard *Harper v. State,* 91 Ga. App. 456 (86 SE2d 7).

In the context of the entire charge, the complained of instruction does not constitute harmful error. Following the above-quoted instruction, the court stated to the jury that "[t]he state need not

show that the defendant was drunk, but only that he was under the influence of alcohol. In the eyes of the law, *the operator of a motor vehicle is under the influence of alcohol when he is so affected by it as to make it less safe for him to drive, operate, or be in control of the vehicle than it would be if he were not affected by such alcohol.* Now, this is the true rule in such cases and anything less than this would not authorize a verdict of guilty." (Emphasis supplied.) When read in its entirety, the charge on the meaning of driving under the influence stated a correct principle of law. See *Cargile v. State,* 244 Ga. 871 (1) (262 SE2d 87). The use of the word "some" in the trial court's instructions was a "palpable slip of the tongue" which, in the context of the entire charge (wherein the court repeatedly instructed the "less safe" test (see *Harper,* supra)), could not have misled the jury as to the appropriate standard for determining whether defendant was under the influence of alcohol.

2. Defendant contends that the trial court's charge that "a witness who had and was able to improve suitable opportunities for observation may state whether a person was intoxicated and the extent of his intoxication," was nonsensical and therefore constituted harmful error. While we would agree that the wording of the charge could be improved upon, we cannot agree that the jury would have been misled as to the meaning of such charge; that is, that a witness who has observed an individual may state, based on his observations whether or not an individual was under the influence of alcohol. Since such instruction was proper and stated a correct principle of law (see *Garrett v. State,* 146 Ga. App. 610 (1) (247 SE2d 136); and *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443)), we find no harmful error in the charge as given.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 13, 1981.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.