## 64856. STEWART v. THE STATE.

SHULMAN, Chief Judge.

Appellant was tried and convicted of driving under the influence (Code Ann. § 68A-902 (OCGA § 40-6-391)) and of operating a motor vehicle after having his license revoked for being an habitual violator (Code Ann. § 68B-308 (OCGA § 40-5-58)). The arresting officer testified that on November 28, 1981, she saw appellant exiting from the driver's side of a vehicle that was positioned in a ditch on the right-hand side of the road. She testified that the right side of the vehicle was completely blocked by the ditch and that she saw no other person near the vehicle. While talking with appellant, she smelled alcohol on his breath and placed him under arrest. An Auto-Intoximeter breath test administered by the officer, who was certified to administer such tests by the State Department of Public Safety, revealed a blood-alcohol content of .16 percent.

1. The first two enumerations of error challenge the verdict on

the general grounds. Appellant argues that the state did not produce sufficient evidence to show that he was driving the vehicle in question. However, the testimony of the arresting officer, who was the only witness at trial, and exhibits tendered provided sufficient evidence from which any rational trier of fact could have concluded beyond a reasonable doubt that the defendant was the driver of the vehicle and was guilty of driving under the influence of alcohol and of operating a motor vehicle after having his license revoked for being an habitual violator. These enumerations of error, accordingly, are without merit. *Lewis v. State,* 149 Ga. App. 181 (1) (254 SE2d 142); Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. The third enumeration of error challenges, on the authority of *State v. Baker,* 146 Ga. App. 608 (247 SE2d 160), the admission of the results of the intoximeter tests. That argument was based on the absence of a properly authenticated record or testimony from the State Crime Laboratory Director to authenticate his approval of the intoximeter used in this case. However, as was noted in *Willoughby v. State,* 153 Ga. App. 434, 435 (265 SE2d 352), "Department of Public Safety Rule 570-9-.06 (5), effective October 31, 1979 . . . provides: 'Breath tests other than the original screening test may be conducted on [an] . . . Auto-Intoximeter . . .' Furthermore, the approval of the State Crime Laboratory Director is *now* needed only for 'the design of any other type of breath analyzer used in this State.' " Consequently, a properly authenticated record or the testimony of the director is no longer necessary for tests administered on an Auto-Intoximeter.

3. Additionally, the officer testified that she was certified to perform tests on the Auto-Intoximeter. "Since the director issued the permit for the operation of this particular machine, it may be inferred that its design was specifically approved by him. Accordingly, the results of the test were admissible." *Smitherman v. State,* 153 Ga. App. 322 (265 SE2d 119).

4. The fourth enumeration of error challenges the trial court's denial of defendant's motion for directed verdict, which was based on the alleged failure of the state to show that appellant was operating the subject vehicle. For the reasons stated in Division 1 of this opinion, this enumeration is without merit.

5. Appellant's fifth enumeration of error challenges the trial court's denial of his motion for mistrial, which was based on the ground that the state's attorney and the court impermissibly commented on the appellant's failure to testify at trial. During closing argument, appellant's counsel commented on the state's production of only a photocopy of the habitual violator notice sent to appellant and the return receipt, apparently inferring that the notice was not received. Counsel for the state objected to this line of

argument, on the ground that "[appellant's counsel] has offered no evidence that [appellant] didn't receive this [notice] . . ." In colloquy the court stated: "I think you are about to get over the bounds on your argument because of the fact that no evidence was offered by [appellant] on this matter. No evidence contradicting this matter was offered by this [appellant]." After the denial of the motion for mistrial, appellant requested no curative instructions.

"(I)t is not error for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state." *Brown v. State,* 157 Ga. App. 473, 476 (278 SE2d 31). Furthermore, "[it is] not error for the trial judge to refer to the testimony [or lack thereof] in deciding the objections raised in [the] case" *(Wright v. State,* 223 Ga. 849 (159 SE2d 76)), where the reference is "merely a statement by the judge that there was no evidence of a certain thing" *(Fair v. State,* 171 Ga. 112, 120 (155 SE 329)), and does not comment directly on the defendant's failure to testify. The trial court did not abuse its discretion in denying appellant's motion for mistrial. *Brown,* supra.

6. The final enumeration of error challenges that portion of the court's charge in which the court read to the jury Code Ann. § 68B-308 in its entirety. Appellant contends that the reading of the Code section, which enumerates the various methods by which a person is declared an habitual violator, placed his character in evidence. We find no merit in appellant's contention. The court read the entire code section because appellant specifically objected to any reference to or evidence of his prior driving record. In lieu of reading the entire section, the court offered to read only those provisions applicable to appellant, at which point appellant withdrew his exception to the charge as given. Under these circumstances appellant has clearly waived any objections to the charge. *Lumpkin v. State,* 249 Ga. 834, 835 (295 SE2d 86); *Zant v. Akins,* 250 Ga. 5 (2) (295 SE2d 313).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983.

*J. David McRee, Thomas J. Phillips, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.