68062. CLARKE v. THE STATE.

McMurray, Chief Judge.

The defendant appeals his conviction of driving under the influence of alcohol. *Held:*

Defendant contends that the State has failed to prove that the officer who conducted an intoximeter test upon his breath was certified as required by former Code Ann. § 68A-902.1 (a) (1) (Ga. L. 1974, pp. 633, 677; 1977, p. 1036) (now OCGA § 40-6-392 (a) (1), effective November 1, 1982). The officer in question testified that he conducted the test upon the defendant using a Photo-Electric Intoximeter Model 400 on June 16, 1979. The officer stated that he had been certified to operate the Photo-Electric Intoximeter Model 400 on January 1, 1976, had taken refresher courses and had been certified to operate that model intoximeter at all times since that date.

Defendant objected to the officer's being permitted to give oral testimony that he was certified at the time he tested defendant. Defendant contends that such oral testimony is barred by the best evidence rule. See OCGA § 24-5-1 et seq. (formerly Code § 38-204 et seq.). Here the question is one of the fact of issuance of the permit to the officer to operate the intoximeter in question. That fact does not involve the contents of a writing within the meaning of the best evidence rule (or as more clearly denominated, the "original document rule"). *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman*, 248 Ga. 580, 581 (285 SE2d 181). The officer's testimony was properly ad-

mitted over defendant's objection. Accord *Hunter v. State,* 141 Ga. App. 276 (2) (233 SE2d 252); *Stewart v. State,* 165 Ga. App. 62, 63 (3) (299 SE2d 134).

The State introduced into evidence, over defendant's objection as to its relevancy, the permit to operate Photo-Electric Intoximeter Models 300 or 400 issued to the officer, who tested defendant, for the period January 1, 1976, through December 31, 1977, and also for the period January 1, 1982, through December 31, 1983. Although these permits are not inclusive of the period of time in which the defendant was tested they are corroborative of the officer's testimony that he had originally been certified as of January 1, 1976, and had taken refresher courses and remained certified continuously through the time of the trial. "Furthermore, admission of evidence — including the determination of relevancy rests largely within the sound discretion of the trial judge, and if it has a tendency to establish a fact in issue . . . that is sufficient to make such evidence relevant and admissible. *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83). Accord, *Patterson v. State,* 233 Ga. 724 (2) (213 SE2d 612)." *Clark v. State,* 149 Ga. App. 641, 644 (2) (255 SE2d 110).

Defendant was tested on June 16, 1979. At that time Rule 570-9-.06 (6) of the rules of the Department of Public Safety provided in part that: "All breath tests other than the original screening test will be conducted on a photo-electric intoximeter or breath analyzer of a design specifically approved by the Director, State Crime Laboratory." Defendant contends that the State has failed to prove the approval at the relevant time of the Photo-Electric Intoximeter Model 400 upon which the officer testified defendant was tested. Defendant urges that no proof having been presented that the machine upon which he was tested is an approved machine the test results are inadmissible. See in this regard *Willoughby v. State,* 153 Ga. App. 434, 435 (1) (265 SE2d 352). However, we note that the officer, who tested defendant, testified that he was certified at that time to perform tests on the Photo-Electric Intoximeter Model 400, the machine upon which defendant was tested. " 'Since the director issued the permit for the operation of this particular machine, it may be inferred that its design was specifically approved by him. Accordingly, the results of the test were admissible.' *Smitherman v. State,* 153 Ga. App. 322 (265 SE2d 119)." *Stewart v. State,* 165 Ga. App. 62, 63 (3), supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 8, 1984.

*John W. Timmons, Jr.,* for appellant.

*Ken L. Stula, Solicitor, Kent Lawrence, Assistant Solicitor*, for appellee.