## 68244. HARRIS v. THE STATE.
(321 SE2d 803)

SOGNIER, Judge.

Appellant appeals his conviction of operating a motor vehicle after being declared an habitual violator and driving under the influence of alcohol.

1. Appellant contends it was error to admit his statement into evidence because the statement was obtained during his in-custody interrogation by police before he was advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). At a Jackson-Denno hearing on this issue (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) evidence was presented that appellant was stopped by a policeman after appellant approached a police checkpoint for licenses, made a U-turn and drove off in the opposite direction. The policeman asked appellant for his driver's license, and appellant stated he was an habitual violator. He contends this statement was the result of an in-custody interrogation before he was advised of his rights, and thus, was inadmissible. This contention is without merit.

Assuming that appellant was in custody when he made the statement, it was not the result of interrogation, but was a spontaneous statement by appellant when the policeman asked for his driver's license. A spontaneous in-custody statement is admissible in evidence. *Jacobs v. State*, 137 Ga. App. 592, 593 (1) (224 SE2d 462) (1976); *Allums v. State*, 161 Ga. App. 842, 846 (5) (288 SE2d 783) (1982).

2. Appellant contends it was error to admit into evidence a computer printout of his driving record. He argues that the cumulative effect of the driving record, cross-examination as to details of the record, and admission of his custodial statement without a Miranda warning was prejudicial and harmful error. We do not agree.

We held in Division 1 that appellant's spontaneous statement was admissible. In regard to alleged error by allowing a computer printout of appellant's entire driving record into evidence, this contention had been decided adversely to appellant. *Hester v. State*, 159 Ga. App. 642, 644 (2) (284 SE2d 659) (1981). Although we stated in

*Hester* that admission of an habitual violator's entire driving record was immaterial and irrelevant, we also held it was not prejudicial where, as here, appellant admitted that he was an habitual violator whose license had been revoked. See also *Noles v. State*, 164 Ga. App. 191, 192-193 (2) (296 SE2d 768) (1982); *Key v. State*, 166 Ga. App. 546, 547 (305 SE2d 20) (1983).

Appellant's contention that the cumulative effect of admission of the computer printout of his driving record, extensive cross-examination on his driving record, and admission of appellant's statement was highly prejudicial and harmful error is without merit. Any error shown upon the record must stand or fall on its own merits, and is not aided by the cumulative effect of other errors. *Sierra v. State*, 155 Ga. App. 198, 201 (270 SE2d 368) (1980).

3. Appellant contends error by the trial court in allowing testimony by the intoximeter operator because there was no evidence he was certified on the machine used, nor was there evidence that the director of the state crime laboratory had approved the machine's design. This contention is not supported by the transcript, as trooper Ronnie Traylor testified that he administered the intoximeter test to appellant on an auto-intoximeter; that he (Traylor) had been licensed to operate the Auto I and photoelectric intoximeters; and the test was administered on a machine he was licensed to operate. Traylor's license was also introduced into evidence.

In regard to appellant's contention that there was no evidence of approval of the machine's design by the state crime laboratory director, that contention has been decided adversely to appellant in *Stewart v. State*, 165 Ga. App. 62, 63 (2) (299 SE2d 134) (1983), where we held that because current Department of Public Safety Rules authorize an original screening test on an auto-intoximeter, a properly authenticated record or the testimony of the director is no longer necessary for tests administered on an auto-intoximeter. Since the director issued the permit for operation of an auto-intoximeter, it may be inferred that its design was specifically approved by him, and the results of the test were admissible. *Smitherman v. State*, 153 Ga. App. 322 (265 SE2d 119) (1980).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1984.

*George C. Rosenzweig, Shelley Davidson,* for appellant.
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney,* for appellee.