## 68242. ROBERTS v. THE STATE.
### (322 SE2d 342)

McMURRAY, Chief Judge.

By accusation defendant was charged with the offense of misdemeanor in that he did operate a motor vehicle on an interstate highway while under the influence of alcohol. Following the denial of his motion for new trial, defendant appeals. *Held*:

1. The substance of the State's evidence against the defendant was that he was observed behind the wheel of a motor vehicle with the engine running in the median between the north and south bound lanes of "I-85"; his head was hanging out the window; the rear wheels of the vehicle were spinning in reverse in an attempt to get back out on the paved portion, the banks of the median being very steep at this point, the wheels having been spinning and moving from side to side; there was a very strong odor of alcoholic beverage about his breath and his eyes were bloodshot and red; his implied consent rights were read to him from a form, that is, that he was required to submit to a state administered chemical test of his blood, breath, urine or other bodily substances for the purpose of determining alcoholic or drug content, that he had a right to an additional test for the substances made by personnel of his own choosing if he so desired, and the fact that if he refused the request to submit to the state administered chemical test his driver's license may be suspended for a period of six months; and, that the defendant answered in the affirmative that he would submit to the test. The result of the alcoholic content of his breath as shown by a printout of an intoximeter test offered in evidence was ".18." We note here that the state exhibit showing same is not attached to the transcript but this was the testimony. An officer also testified as an expert that in his opinion "he was

less safe to operate on a public highway." An officer also testified that defendant contended he was not driving but that his female companion was driving and thereafter in the patrol car he was attempting to get her to state that she was driving and she refused. Our examination of the evidence against the defendant was sufficient to authorize a rational trier of fact to reasonably find the defendant guilty as charged beyond a reasonable doubt. See *Hampton v. State,* 250 Ga. 805, 808 (301 SE2d 274); *Conger v. State,* 250 Ga. 867, 870 (301 SE2d 878). The court was authorized to take judicial notice that "I-85" is a public highway. See *Jordan v. State,* 212 Ga. 337, 340 (92 SE2d 528). The median is a part of the divided highway, the motor vehicle was running, the wheels were spinning in reverse, and it was moving from side to side while the defendant looked out the driver's window. When he exited the vehicle he staggered when he walked, "more or less wouldn't give a direct answer to a question" and his eyes were bloodshot and red with a very strong odor of alcoholic beverage about his breath.

Counsel for the State argues that the auto intoximeter test registered .18 grams percent alcohol. However, the document is not before us to ascertain whether this is true.

The main thrust of the defendant's case was that the female companion, who did not testify at the trial, was driving the vehicle on the roadway of I-85 when they were forced off the roadway by a passing vehicle. The jury did not believe the defendant's testimony as opposed to that of the State's witnesses, if this would make any difference. The weight and credit of the evidence and the credibility of the witnesses was for the jury to determine. See *Duckett v. State,* 108 Ga. App. 317 (132 SE2d 811); *Lewis v. State,* 149 Ga. App. 181 (254 SE2d 142); *Stewart v. State,* 165 Ga. App. 62 (299 SE2d 134); *Fuller v. State,* 166 Ga. App. 734 (305 SE2d 463). The trial court did not err in denying the defendant's motion to dismiss contending the State failed to prove the crime alleged.

2. As shown above, the printout of the results of the breath test administered to the defendant was offered in evidence showing ".18" which has not been explained in the testimony, albeit the exhibit which is not before us may explain same. The defendant contends that the State failed to show full compliance with the Department of Public Safety guidelines for taking a person's breath sample contending there was no evidence to identify the printout as having come from the particular machine from which the breath test was administered to the defendant, there was no evidence that the officer was qualified to operate the intoximeter at the time; there was no evidence that the model of the intoximeter used in this state was approved by the State Crime Laboratory and there was no evidence that the proper procedures were followed in administering the breath test.

From the evidence presented we find none of the arguments offered by the defendant to be meritorious. The identity of the printout was well established as being the results of the test the expert witness gave to the defendant, and the witness offered evidence sufficient to prove the officer was qualified to operate the intoximeter even in the absence of the exhibit since the director of the crime laboratory issued a permit authorizing the operation of the intoximeter by the expert witness. It may be inferred that its design was specifically approved, and the results of the test administered by a properly licensed operator were admissible. See *Smitherman v. State*, 153 Ga. App. 322 (265 SE2d 119); *Willoughby v. State*, 153 Ga. App. 434 (265 SE2d 352); *Stewart v. State*, 165 Ga. App. 62, supra. We find no merit in this complaint.

3. Defendant next contends the trial court refused to give the written requests to charge that an operator of a motor vehicle must be under the influence of such intoxicant to the extent that it is less safe for him to operate a motor vehicle than if he were not so affected, based upon *Anderson v. State*, 226 Ga. 35 (172 SE2d 424); and where the circumstances otherwise appearing in the case are equally consistent with the theory that another occupant was the driver of the automobile as with the theory that the defendant was the driver, hence the evidence is insufficient to authorize the verdict of guilty based upon *Spence v. State*, 96 Ga. App. 851 (102 SE2d 51). The trial court marked the latter request as "refused" but that the former request was "O.K." Here the circumstances were not equally consistent with the theory that the other occupant was the driver of the automobile as with the theory that the defendant was the driver. The trial court did not err in refusing to give this written request which would be applicable only if the case sub judice were dependent solely upon circumstantial evidence. See *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84); *Anderson v. State*, 163 Ga. App. 603 (2) (295 SE2d 564). With reference to the former written request, the substance of same was given in the charge that an "operator of a motor vehicle must be under the influence of such intoxicants to the extent that it is less safe for him to operate the motor vehicle than if he were not so affected." We find no merit in either of these complaints.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1984.

*Prince A. Brumfield, Jr.*, for appellant.
*James L. Webb, Solicitor, Christina A. Craddock, Assistant Solicitor*, for appellee.