## 75025. TAYLOR v. THE STATE.
(361 SE2d 667)

DEEN, Presiding Judge.

Appellant was convicted of driving without insurance and driving under the influence of alcohol. On appeal he contends that the state failed to present a prima facie case as to the insurance count and that the charge on DUI was incomplete.

1. Appellant claims the trial court erred in denying his motion for a directed verdict as the State's case rested solely upon an officer's testimony that he failed to produce proof of insurance upon request, and the State did not produce evidence at trial that he had no insurance. Appellant claims the state relied on the fact he failed to produce proof of insurance. We disagree with appellant as to the proof offered by the State. The evidence was sufficient to authorize a reasonable trier of fact to find appellant guilty as charged, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also contends that the trial court's charge to the jury "that a person shall not drive or be in actual physical control of any motor vehicle while under the influence of alcohol" was harmfully incomplete, because it did not inform the jury that being under the influence of alcohol meant that consumption of alcohol had rendered him a less safe driver. We agree that the trial court should have so

defined the term, "under the influence." See *Turner v. State*, 95 Ga. App. 157, 158 (97 SE2d 348) (1957). See also *Smitherman v. State*, 157 Ga. App. 526 (278 SE2d 107) (1981); and *Anderson v. State*, 226 Ga. 35 (172 SE2d 424) (1970).

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 —

*Wallace C. Clayton, Joanne E. Elsey*, for appellant.
*Henry C. Head, Solicitor*, for appellee.