## A90A2313. CARVER v. THE STATE.
(401 SE2d 300)

BANKE, Presiding Judge.

On appeal from his conviction of speeding, the appellant contends that the state should not have been permitted to introduce evidence concerning the use of a radar device to check his speed, due to the arresting officer's asserted failure to comply with the following italicized portion of OCGA § 40-14-5 (b): "Each county, municipal, or campus law enforcement officer using a radar device shall notify each person against whom the officer intends to make a case based on the use of the device that the person has a right to request the officer to test the device for accuracy. The notice shall be given prior to the time a citation and complaint or ticket is issued against the person and, *if requested to make a test, the officer shall test the device for accuracy. . . .*" (Emphasis supplied.)

The case was tried before a judge without a jury. The arresting

officer testified that while he did in fact test the radar unit for accuracy in response to the appellant's request, he did not allow the appellant to observe the performance of the tests; and it is on the basis of his failure to do so that the appellant contends OCGA § 40-14-5 (b) was violated. However, the officer also testified that when he informed the appellant that the radar had clocked his speed at 55 miles per hour, the appellant responded by stating that "he was doing 50 or 51 but wasn't doing what I clocked him at." As the appellant did not testify at trial, this testimony was unrefuted. The officer further testified that the speed limit at the location in question was 35 miles per hour. *Held*:

In view of the appellant's admission that he was "doing 50 or 51," any error the trial judge may have committed in considering the results of the radar check must be considered harmless. Accord *Harris v. State*, 172 Ga. App. 66 (2) (321 SE2d 803) (1984).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990.

William H. Carver, *pro se.*
Lydia S. Jackson, *Solicitor*, for appellee.